## BARTELL *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
.THE DISTRICT OF SOUTH DAKOTA.

No. 691.   Argued January 14, 1913.—Decided February 24, 1913.

An indictment to be good under the Constitution and laws of the
United States must advise the accused of the nature and cause of
the accusation sufficiently to enable him to meet the accusation and
prepare for trial and so that, after judgment, he may be able to plead
the record and judgment in bar of further prosecution for the same
offense.

While ordinarily documents essential to the charge of crime must be
sufficiently described to make known the contents thereof, matter
too obscene or indecent to be spread on the record may be referred
to in a manner sufficient to identify it and advise the accused of the
document intended without setting forth its contents; and so held
.as to an indictment under § 3893 Rev. Stat. for sending obscene
matter through the mails.

The accused may demand a bill of particulars if the reference in the
indictment to a letter too obscene to be published does not suffi-
ciently identify it, and in the absence of such demand a detailed
reference is sufficient.

The accused is entitled to resort to parol evidence on a prosecution for
sending obscene matter through the mail to show that the letter on
which the indictment is based had been the subject-matter of a
former prosecution, and therefore if the letter is too obscene to be
spread on the record it is sufficient if a reference is made thereto in
such detail that it may be identified.

THE facts, which involve the construction of § 3893,
Rev. Stat., and the validity of an indictment and convic-
tion thereunder for depositing obscene matter in a post-
office of the United States, are stated in the opinion.

*Mr. Joe Kirby* for plaintiff in error submitted:
Under the Fifth and Sixth Amendments the indictment

must inform the accused of the charge with the definiteness and certainty recognized by law at the time this provision was adopted into the Constitution, and must be sufficient to protect, by the record, the defendant from a second jeopardy for the same offense.

The defendant must be tried for the offense, and that alone, of which the grand jury saw fit to accuse him. It cannot be a blanket indictment so that the prosecuting officer can select from a series of offenses, where only one is presented in the indictment, which he will attempt to prove.

The indictment in this respect does not meet these requirements.

The defendant must be tried, if at all, for the same specific offense that the grand jury had in mind when they returned the indictment, and this must appear from the record and cannot be left to the sense of honesty of the prosecution, or the honor of any court official. *In re Bain*, 121 U. S. 1.

The indictment must inform him of the nature and cause of the accusation, and this information must be so definite as to contain every ingredient of which the crime is composed so that he may be able, with his witnesses, to combat the prosecution at every point and, when the case is concluded, to invoke the protection provided by Article V against being again placed in jeopardy for the same offense. *United States* v. *Cruikshank*, 92 U. S. 542. See *State* v. *Terry*, 19 S. W. Rep. 206; *Rosen* v. *United States*, 161 U. S. 29.

The date of the alleged offense, as set forth in the indictment, is not in any manner an identification of the objectionable document which was presented to the grand jury. The date was wholly immaterial so long as the time sought to be proven was within the statute of limitations. *United States* v. *Potter*, 56 Fed. Rep. 95.

While the statement that the envelope containing the

letter was addressed to a particular person at a particular place might be some possible identification of the envelope, it would seem if it were in the mails something more definite could appear. Was it stamped, postmarked, or otherwise distinguishable? But how would this in any manner indentify the letter that is said to have been objectionable. It must. be true that some part of the letter was not too filthy to appear on the records of the court. It is reasonable to assume that at least so much of a description of the document as is found in the *Rosen Case* could have been presented.

How is it to be known that the document ultimately presented to the trial court was the one that was before the grand jury? To hold such an indictment good, is for all practical purposes to abolish the constitutional safeguards. If they can be torn down in this case they can be destroyed in any other, and blanket indictments would probably become the rule. *United States* v. *Harmon,* 34 Fed. Rep. 872; *United States* v. *Read,* 73 Fed. Rep. 289.

*The Solicitor General* for the United States:

It is unnecessary to set forth the obscene matter. *Rosen* v. *United States,* 161 U. S. 29, 34, 40.

Identification by the date of mailing and the address upon the envelope is sufficient. *Tubbs* v. *United States,* 105 Fed. Rep. 59, 60, 61.

There is no danger of a second jeopardy, as it can always be established by parol evidence what letter was the subject of the prior conviction or acquittal. *Bowers* v. *United States,* 148 Fed. Rep. 379; *Dunbar* v. *United States,* 156 U. S. 185, 191; *Durland* v. *United States,* 161 U. S. 315; *Tubbs* v. *United States,* 105 Fed. Rep. 59.

The defendant failed to demand a bill of particulars, which would have cleared up any uncertainty as to what letter was the subject of the indictment. *Durland* v. *United States,* 161 U. S. 306, 315; *Rosen* v. *United States,*

161 U. S. 29, 35, 41; *Shaw* v. *United States,* 180 Fed. Rep. 348, 352.

There was no difficulty in demurring to the indictment. *United States* v. *Bennett,* 16 Blatchf. 338, 351.

The letter was sufficiently identified, and the suggestion that a defendant might be indicted on one indictment and tried on another is without merit. *Price* v. *United States,* 165 U. S. 311, 315.

MR. JUSTICE DAY delivered the opinion of the court.

The plaintiff in error was indicted under § 3893 of the Revised Statutes, which declares certain matter unmailable, for depositing a letter alleged to be obscene in a post-office of the United States. Upon trial he was convicted, and was sentenced to a term in the penitentiary. The case is brought here to review alleged errors in failing to sustain objections made to the indictment in the court below.

The indictment charged that Bartell did on the twenty-fourth of November, 1911, at Sioux Falls, in the County of Minnehaha, State of South Dakota, unlawfully, wilfully, knowingly and feloniously deposit in the United States post-office at Sioux Falls aforesaid, for mailing and delivery by the post-office establishment of the United States, certain nonmailable matter, to wit: "A letter enclosed in an envelope, which said letter was then and there filthy, obscene, lewd, lascivious and of an indecent character, and is too filthy, obscene, lewd, offensive and of such indecent character as to be unfit to be set forth in this indictment and to be spread at length upon the records of this Honorable Court. Therefore the Grand Jurors, aforesaid, do not set forth the same in this indictment; and which said envelope containing said letter was then and there directed to and addressed as follows: Miss Zella Delleree, Stevens Point, Wis., he, the said Lester P.

Bartell, then and there well knowing the contents of said letter and the character thereof, and well knowing the same to be filthy, obscene, lewd and lascivious and of an indecent character."

The plaintiff in error appeared and demurred to this indictment for the reasons following:

"I. That the facts stated in said indictment are not sufficient to and do not constitute a crime.

"II. That no facts are stated sufficient to notify this defendant of the nature and cause of the accusation for which he is now placed on trial, as required by Article VI of the Amendments to the Constitution of the United States."

The court overruled the demurrer. The same objection, in substance, was taken by motion in arrest of judgment after conviction, and the question presented here is the alleged insufficiency of the indictment.

It is elementary that an indictment, in order to be good under the Federal Constitution and laws, shall advise the accused of the nature and cause of the accusation against him in order that he may meet the accusation and prepare for his trial and that, after judgment, he may be able to plead the record and judgment in bar of further prosecution for the same offense.

While it is true that ordinarily a document or writing essential to the charge of crime must be sufficiently described to make known its contents or the substance thereof, there is a well recognized exception in the pleading of printed or written matter which is alleged to be too obscene or indecent to be spread upon the records of the court. It is well settled that such matter may be identified by a reference sufficient to advise the accused of the letter or document intended without setting forth its contents. *United States* v. *Bennett,* 16 Blatchf. 338, Federal Cases, vol. 24, p. 1093, No. 14,571; *Rosen* v. *United States,* 161 U. S. 29.

The cases were fully reviewed by Mr. Justice Harlan, speaking for the court, in the *Rosen Case,* and after stating the right of the accused to be advised of the nature and cause of the accusation against him with such reasonable certainty that he can make his defense and protect himself against further prosecution, the doctrine was thus summarized (p. 40):

"This right is not infringed by the omission from the indictment of indecent and obscene matter, alleged as not proper to be spread upon the records of the court, provided the crime charged, however general the language used, is yet so described as reasonably to inform the accused of the nature of the charge sought to be established against him; and . . . in such case, the accused may apply to the court before the trial is entered upon for a bill of particulars, showing what parts of the paper would be relied on by the prosecution as being obscene, lewd, and lascivious, which motion will be granted or refused, as the court, in the exercise of a sound legal discretion, may find necessary to the ends of justice."

We find, upon applying this doctrine to the instant case, that it was specifically charged that the letter was mailed by the accused in violation of the statute upon a day named at the post-office in a town and county named and within the District; that its contents were well known to the accused and were so filthy, obscene, lewd and offensive and of such indecent character as to be unfit to be spread upon the record of the court, and that the letter was enclosed in an envelope which was addressed to the person and place specified in the indictment. There was no attempt on the part of the accused to require a bill of particulars, giving a more specific description of the letter or any further identification of it, if that was necessary to his defense. Under the Federal practice he had a right to apply for such bill of particulars, and it was within the judicial discretion of the court to grant such order, if

necessary for the protection of the rights of the accused, and to order that the contents of the letter be more fully brought to the attention of the court, with a view to ascertaining whether a verdict upon such matter as obscene would be set aside by the court. *United States* v. *Bennett, supra; Rosen* v. *United States, supra.* In *Durland* v. *United States,* 161 U. S. 306, 315, it was held that a general description of a letter identified by the time and place of mailing, when it was mailed in pursuance of a scheme to defraud, was sufficient, in the absence of a demand for a bill of particulars.

As to the objection that the charge was so indefinite that the accused could not plead the record and conviction in bar of another prosecution, it is sufficient to say that in such cases it is the right of the accused to resort to parol testimony to show the subject-matter of the former conviction, and such practice is not infrequently necessary, *United States* v. *Claflin,* 13 Blatchf. 178, 25 Federal Cases, 433, No. 14,798; *Dunbar* v. *United States,* 156 U. S. 185; *Tubbs* v. *United States,* 105 Fed. Rep. 59. In the *Dunbar Case* it was stated that other proof beside the record might be required to identify the subject-matter of two indictments, and the rule was laid down as follows (p. 191):

"The rule is that if the description brings the property, in respect to which the offence is charged, clearly within the scope of the statute creating the offence, and at the same time so identifies it as to enable the defendant to fully prepare his defence, it is sufficient."

The present indictment specifically charged that the accused had knowingly violated the laws of the United States by depositing on a day named, in the post-office specifically named, a letter of such indecent character as to render it unfit to be set forth in detail, enclosed in an envelope bearing a definite address. In the absence of a demand for a bill of particulars we think this description sufficiently advised the accused of the nature and cause of

the accusation against him. This fact is made more evident when it is found that this record shows no surprise to the accused in the production of the letter at the trial and no exception to its introduction in evidence, and there is no indication that the contents of the letter, when it was produced, did not warrant the description of it given in the indictment.

*Judgment affirmed.*