## LEVERKUHN v. UNITED STATES. *

(Circuit Court of Appeals, Fifth Circuit. March 25, 1924.)

No. 4111.

**1. Conspiracy ⊜⇒43(12)—Not reversible error to reject evidence that grand jury knew names of conspirators.**

Where an indictment for conspiracy under Criminal Code, § 37 (Comp. St. § 10201), sufficiently informed accused of the charge, it was not reversible error to reject evidence that the names of persons with whom accused conspired, alleged in the indictment to be unknown to the grand jury, were known to that body, in view of Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied May 19, 1924.

**2. Conspiracy ⬡43(2)—Indictment held to sufficiently inform defendant of nature and cause of accusation against him.**

An indictment for conspiracy to possess, sell, and transport intoxicating liquor *held* to sufficiently inform defendant of the nature and cause of the accusation against him, though the persons with whom the accused was alleged to have conspired, alleged in the indictment to be unknown to the grand jury, were known to that body.

**3. Indictment and information ⬡196(5)—Absence of demand for bill of particulars considered, where accused questions sufficiency of indictment.**

The absence of a demand for a bill of particulars may be considered, where the accused questions the sufficiency of the indictment in the matter of disclosing the nature and cause of the charge it makes.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

J. H. Leverkuhn, alias Jack Leverkuhn, was convicted of conspiracy to possess, sell, and transport intoxicating liquor, and brings error. Affirmed.

H. E. Kahn, of Houston, Tex. (Mathis, Heidingsfelder, Teague & Kahn, J. V. Meek, and C. E. Heidingsfelder, all of Houston, Tex., on the brief), for plaintiff in error.

H. M. Holden, U. S. Atty., of Houston, Tex. (E. R. Warnken and Horace Soule, Asst. U. S. Attys., both of Houston, Tex., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

WALKER, Circuit Judge. The first count of the indictment in this case charged as follows:

"That one J. H. Leverkuhn, alias Jack Leverkuhn, and other persons to the grand jurors unknown, late of Harris county, state of Texas, district, division, and circuit aforesaid, on or about the 18th day of June, A. D. 1922, in said county, state, district, division, and circuit, did unlawfully, willfully, knowingly, and fraudulently conspire, confederate, and agree together and among themselves to commit an offense against the United States, to wit, to possess, sell, and transport intoxicating liquor without first having obtained a permit from the Commissioner of Internal Revenue to possess, sell, and transport intoxicating liquor. The said J. H. Leverkuhn, alias Jack Leverkuhn, was to operate a place at 612 Preston avenue in the city of Houston, state of Texas, known as the Houston Benevolent, Charitable and Educational Society, and that at some date the said J. H. Leverkuhn, alias Jack Leverkuhn, and the unknown parties secured a charter from the state of Texas to operate such a place, the exact nature being unknown to the grand jurors, and the said J. H. Leverkuhn, alias Jack Leverkuhn, and the unknown parties, were to secure, possess, sell, and barter intoxicating liquors on the said premises by the drink, operating the place as a place where intoxicating liquors might be bought by persons who were or claimed to be members of the said club.

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present: That in pursuance of the aforesaid unlawful conspiracy, combination, confederation, and agreement, and to effect the object and purposes of same, the said J. H. Leverkuhn, alias Jack Leverkuhn, and other persons to the grand jurors unknown, did unlawfully and fraudulently procure, possess, transport, and sell intoxicating liquor by the means aforesaid, and on or about the 18th day of June, A. D. 1922, did transport and possess about one gallon of intoxicating liquor in the city of Houston, state of Texas, and on or about the 25th day of January, A. D. 1923, in the manner and by the means aforesaid, did procure, sell, and possess intoxicating liquors at the said club

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on the premises at 612 Preston avenue, Houston, Texas, in amounts to the grand jurors unknown, and on or about the 23d day of February, A. D. 1923, in the manner and by the means aforesaid, did procure, sell, and possess intoxicating liquors on the said premises at 612 Preston avenue in the city of Houston, state of Texas, in a quantity to the grand jurors unknown, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

In the trial of the case the defendant offered to prove by the assistant district attorney, who represented the government before the grand jury in the matter of the indictment in this case, that the grand jury knew, before and at the time of the finding of the indictment, who were the other persons alleged in the indictment to be unknown to the grand jury, and knew at said time who the parties were that secured the charter for said Benevolent Society. The government objected to the testimony so offered on the ground that it was irrelevant and immaterial. The defendant excepted to the action of the court in sustaining that objection.

[1-3] To say the least, it is questionable whether, in the absence of a statute giving a right to do so, a defendant in an indictment is entitled to impeach it by proving what occurred before the grand jury at the time of or prior to the finding of the indictment. Noll v. Dailey, 72 W. Va. 520, 79 S. E. 668, 47 L. R. A. (N. S.) 1207; Rosen v. United States, 161 U. S. 29, 35, 16 Sup. Ct. 434, 40 L. Ed. 606; 14 R. C. L. 205. It may be assumed, without being decided, that, where a statement of the name of a person other than the defendant is a material part of the description of the crime charged, it is permissible for the defendant to prove that the name of such person, alleged in the indictment to be unknown to the grand jury, was known to that body when the indictment was found, and that such proof would support a finding that there is a material variance between the allegations of the indictment and the proof in the case. United States v. Riley (C. C.) 74 Fed. 210. It seems that a statement of the name or names of the person or persons with whom the accused conspired is not an essential part of the description of a conspiracy belonging to the class covered by section 37 of the Criminal Code (Comp. St. § 10201). Jones v. United States, 179 Fed. 584, 103 C. C. A. 142; People v. Smith, 239 Ill. 91, 108, 87 N. E. 885; State v. Lewis, 142 N. C. 626, 55 S. E. 600, 7 L. R. A. (N. S.) 669, 9 Ann. Cas. 604. A court would not be chargeable with reversible error for rejecting offered evidence which would serve no other purpose than to give rise to an immaterial variance. 12 Corpus Juris, 627.

The requirement in any case of a statement in an indictment of the name of a person other than the accused, or of the connection of such other person with the transaction alleged, is based upon the right of the accused to be informed of the nature and cause of the accusation against him. It well may be inferred that the omission from an indictment of such a statement, though the name of such other person and his connection with the transaction were known to the grand jury, involves no injury to the accused, where the indictment contains allegations sufficient to inform the accused of the nature and cause of the accusation against him with such reasonable certainty as to enable him to make his defense and protect himself against further

prosecution for the same crime. Rosen v. United States, supra; Bartell v. United States, 227 U. S. 427, 33 Sup. Ct. 383, 57 L. Ed. 583. The allegations of time and place, and as to the method or means of carrying out the alleged criminal design, contained in the above set out count of the indictment, clearly identified the transaction in which the accused was charged to be a participant with other persons.

In view of those allegations, there is no substantial basis for a claim that that count did not sufficiently inform the accused of the nature and cause of the accusation against him. After the accused was informed of the contents of the count in question, if he had ordinary intelligence he could not well have failed to realize what alleged conduct on his part was relied on as the basis of the charge made against him. It was open to the accused to move the court to require a bill of particulars, giving a more particular description of the transaction upon which the charge was based or a further identification of it, if that was considered to be necessary to his defense. The absence of a demand for a bill of particulars may be considered, where the accused questions the sufficiency of the indictment in the matter of disclosing the nature and cause of the charge it makes. Durland v. United States, 161 U. S. 306, 315, 16 Sup. Ct. 508, 40 L. Ed. 709.

In view of the rule that an accused person has a right to resort to parol evidence to show the subject-matter of a former conviction, the charge as made in the count in question cannot properly be regarded as being so indefinite that the accused could not plead the record and conviction in this case in bar of another prosecution for the same offense. Bartell v. United States, supra. Furthermore, even if the ruling in question was erroneous, it is not a ground for reversing the judgment of conviction, as, under the above-mentioned circumstances of the instant case, the error was not one which affected the substantial rights of the accused, who was adequately informed of the precise charge made against him. Judicial Code, § 269, as amended by Act approved February 26, 1919, 40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246).

The record shows no reversible error. The judgment is affirmed.