## BRONSTEIN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. January 10, 1927.)

### No. 7460.

**1. Criminal law ⟨key⟩622(1)—Matter of separate trial of coindictee is in trial court's discretion.**

One of two coindictees has no absolute right to separate trial, but it is a matter of discretion with the trial court.

**2. Criminal law ⟨key⟩1169(5)—Any prejudice to defendant from evidence going only to coindictee's case held cured by striking evidence.**

Evidence admitted going only to credibility of coindictee, and having nothing to do with case against defendant, any prejudice to him therefrom was cured by striking it.

**3. Criminal law ⟨key⟩697—If not satisfied with ruling, "Objection sustained," on motion to strike and to instruct to disregard evidence, exception should be taken.**

If not satisfied with court's ruling, "Objection sustained," on motion to strike out testimony and instruct jury to disregard it, matter should have been called to court's attention by exception.

**4. Criminal law ⟨key⟩1168(2)—In view of other testimony and government's limited claim, jury could not have been misled, even if not understanding court intended to eliminate testimony.**

Where, after defendant M. had denied having certain conversation with S., government witness, S. answered "Yes" to the question whether he had the conversation denied with M. and B., the jury could not have been misled to B.'s prejudice, even if not understanding that court, by its ruling, intended to eliminate such testimony of S.; he having previously testified that B. was not present at the time, and the government making no claim that he was then present.

**5. Intoxicating liquors ⟨key⟩223(3)—No fatal variance exists between information for sale or possession of intoxicating liquor, to wit, gin, and evidence that liquor was alcohol or moonshine.**

There is no fatal variance between information charging sale or possession of intoxicat-

ing liquors, "to wit, gin," and evidence that liquor was alcohol or moonshine whisky: the quoted words being surplusage, defendant not being misled, and conviction being a bar to any prosecution for selling or possessing the same liquor.

6. **Criminal law** ⊕=811(5)—**Instruction to weigh with greater care testimony of persons interested in or employed to find evidence against accused held properly refused.**

Refusal of instruction that, in weighing the testimony, greater care should be used in relation to that of persons shown to be interested in or employed to find evidence against accused, *held* proper.

7. **Criminal law** ⊕=844(1)—**Exception to charge held insufficient, as not showing claimed fault.**

Exception to charge *held* to be insufficient, in that no one could tell from it what was claimed to be wrong with the charge.

8. **Criminal law** ⊕=1056(1)—**In absence of proper exceptions, instructions need not be considered on appeal, unless containing serious errors fatal to defendant's rights.**

There being no proper exceptions, appellate court need not consider defects in charge, except, perhaps, to notice any serious errors therein fatal to defendant's rights.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Max Bronstein was convicted of violations of the National Prohibition Act, and brings error. Affirmed.

J. W. Kelley, of Denver, Colo. (J. D. Kelley and L. J. Crowley, both of Denver, Colo., on the brief), for plaintiff in error.

Forrest C. Northcutt, Asst. U. S. Atty., of Denver, Colo. (George Stephan, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before KENYON, Circuit Judge, and SCOTT and JOHN B. SANBORN, District Judges.

JOHN B. SANBORN, District Judge. Max Bronstein and William McDonnell (alias William Donald) plaintiffs in error and defendants in the court below, were by an information in eight counts charged with four sales, and with having had possession on four separate occasions, of intoxicating liquor, in violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.). They were tried and convicted on all counts, and jail sentences and fines were imposed under the counts charging sales. McDonnell served his sentence, but Bronstein sued out a writ of error, and was released on bail after serving 60 days.

The defendants, upon the trial, claimed that they were engaged as partners in the business of writing court bonds in civil and criminal cases, and not in the liquor business; that they were entrapped; that all that either of them did was to have possession of the liquor and to aid the government officers in buying liquor. There was abundant evidence to convince a jury beyond a reasonable doubt, if believed, that the apparent bonding business of these partners was a mere cover or a blind for the business of dealing in intoxicating liquor, and that the sales charged by the government were in connection with that business.

While there are many assignments of error, the defendant Bronstein urges six reasons for a new trial, which are that:

(1) He was not granted a separate trial.

(2) Evidence was improperly admitted.

(3) The information charged sale and possession of gin, while the proof showed alcohol or moonshine.

(4) A requested instruction reading as follows: "You are instructed that in weighing the testimony greater care should be used by the jury in relation to the testimony of persons who are shown by the evidence to be interested in or employed to find evidence against the accused"—was refused.

(5) The court did not correctly instruct the jury in the defense of entrapment.

(6) The court did not correctly instruct the jury on the question of aiding and abetting.

[1] The defendant Bronstein was not entitled to a separate trial. It was a matter of discretion with the trial court. Buchanan v. United States (C. C. A.) 15 F.(2d) 496; Moore v. United States (C. C. A.) 2 F.(2d) 839; Waldeck v. United States (C. C. A.) 2 F.(2d) 243; Sullivan v. United States (C. C. A.) 7 F.(2d) 355; Allen v. United States (C. C. A.) 4 F.(2d) 688.

[2] Evidence was admitted, and then stricken out, that a William Donald had been convicted in justice court of possessing intoxicating liquor; this upon the theory that, if the government could prove that William Donald and the defendant McDonnell were the same, it would go to the question of credibility. It was objected to, and, on motion, was stricken, and the jury told to disregard it. It had nothing to do with the case against Bronstein. If there was any possible prejudice, so far as he was concerned, it was cured by being stricken from the record.

[3, 4] McDonnell had testified that he had not had a certain conversation with Sutton, a government witness. Sutton was called in rebuttal and asked whether he had had the

conversation denied on that date with Mc-Donnell and Bronstein. He had previously testified that Bronstein was not present at the time. Objection was made. He was permitted to answer yes or no, and said "Yes." The defendants moved to strike out the testimony, and asked the court to instruct the jury to disregard it. The court said, "Objection sustained;" the witness left the stand; no exception was taken to the failure of the court to strike the testimony and instruct the jury to disregard it. The court was apparently under the impression that he had done what he was asked to do by the defendants. The record would indicate that the defendants were satisfied. They asked no questions of Sutton and did nothing further. While it is not necessary to save an exception to the admission of evidence where a timely objection has been interposed (Corliss v. United States [C. C. A.] 7 F.[2d] 455), we think that in a situation such as this, if the defendants were not satisfied with the court's ruling, the matter should have been called to his attention by an exception. However, the error was without substance. There was no claim by the government that Bronstein was present and had any such conversation, and the jury could not have been misled by it, even if they failed to understand that the court had intended to eliminate it by his ruling.

[5] The information referred to sale or possession of "intoxicating liquor, to wit, gin." The evidence indicated that the liquor was alcohol or moonshine whisky. It is claimed that this constituted a fatal variance. There is no merit in the contention. If the words, "to-wit, gin," had been left out, the information was sufficient. Massey v. United States (C. C. A.) 281 F. 293. They were mere surplusage, an allegation without which the pleading would be adequate. There was no variance—no disagreement between the essential allegations and the proof. Mathews v. United States (C. C. A.) 15 F.(2d) 139; Meyers v. United States (C. C. A.) 3 F.(2d) 379; Bullard v. United States (C. C. A.) 245 F. 837. The defendant was not misled, and the conviction in this case will be a bar to any prosecution for selling or having in possession the same liquor. Bartell v. United States, 227 U. S. 427, 33 S. Ct. 383, 57 L. Ed. 583. The liquor, in all probability, resembled gin as closely as it did any recognized preprohibition liquor. Most modern hard liquors, aside from their flavor, come from the same still, and it is a matter of common knowledge that a few drops of the oil of juniper constitutes these days the difference between beverage alcohol and so-called gin.

[6] To refuse the requested instruction was not error. The jury was told to consider, in determining the credibility of the witnesses, the interest of any witness in the outcome of the case, or any bias or prejudice disclosed. The purpose of the defendants' request is apparent. It was to have the court single out the government's main witnesses, and to cast doubt upon the reliability of their testimony. Generally it is the duty of a jury to use the same care in determining the credibility and the weight of the testimony of each witness in the light of all the circumstances—his apparent truthfulness, his interest in the case, and any motives he might have to testify falsely or to color his testimony. For a court to tell a jury that greater care was to be used with relation to certain witnesses than with relation to others would not ordinarily be required nor justified. In this case, we think the court was right in refusing to give this instruction.

[7, 8] The defendants' exceptions to the instructions given were contained in this statement:

"We wish to save an exception to the charge of the court upon the facts; that is, that the facts were not stated in accordance with the evidence given by the witnesses upon the stand; to the charge as given by the court upon the law, for the reason that the law is not correctly stated, and is upon the weight of the evidence, and in other respects the rules of law were not given as fully as they should have been."

No trial judge could tell from this what it was claimed was wrong with the charge. A general exception to a charge is equivalent to no exception, if the charge contains any correct propositions of law at all. Where proper exceptions are not taken, faults in the instructions are not required to be considered in this court. Hammert v. United States (C. C. A.) 14 F.(2d) 827; C., M. & St. P. Ry. Co. v. Harrelson (C. C. A.) 14 F.(2d) 893; Feigin v. United States (C. C. A.) 3 F.(2d) 866; Allen v. United States (C. C. A.) 4 F. (2d) 688; Corliss v. United States (C. C. A.) 7 F.(2d) 455, 458; Silkworth v. United States (C. C. A.) 10 F.(2d) 711, 720; Cohen v. United States (C. C. A.) 294 F. 488; Penn. Co. v. Whitney (C. C. A.) 169 F. 572.

We need not, therefore, consider alleged defects in the charge, except, perhaps, to notice whether there were any serious errors therein fatal to the defendant's rights. Lamento v. United States (C. C. A.) 4 F.(2d) 901. We have examined the charge. While there are some statements contained in it which, standing alone, would be objection-

able, and doubtless would have been corrected by the court, if attention had been specifically called to them, we are satisfied that, taking the charge as a whole, the jury could have obtained from it nothing but a correct understanding of the law as it bore upon the facts of this case.

Affirmed.