## WILSON et al. v. UNITED STATES.
### No. 5935.

Circuit Court of Appeals, Fifth Circuit.

May 24, 1932.

Rehearing Denied June 18, 1932.

John J. Bouhan, David S. Atkinson, and Edmund H. Abrahams, all of Savannah, Ga., for appellants.

Chas. L. Redding, U. S. Atty., of Savannah, Ga.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is prosecuted from a conviction and sentence on two counts of an indictment, one charging the offense of conspiracy to violate the National Prohibition Act, the other the unlawful sale of intoxicating liquors.

While errors are assigned by each appellant to the failure of the court to direct a verdict in his favor, and to the insufficiency of the evidence to sustain the verdict, these present no matter for serious consideration, for the record, consisting entirely of the testimony of government witnesses, is replete with evidence of appellants' guilt, without a single word in it pointing to a contrary conclusion. In fact, appellants in their argument for reversal place their main reliance upon claimed errors of the court in overruling demurrers to the indictment, and objections to the evidence, and in refusing to give a requested special charge.

 Appellants' attack upon the indictment for indefiniteness, though presented and pressed with vigor, must fail, for the conspiracy count, with permissible generality, stated an offense against the United States. Wong Tai v. U. S., 273 U. S. 80, 47 S. Ct. 300, 71 L. Ed. 545; Thornton v. U. S., 271 U. S. 425, 46 S. Ct. 585, 70 L. Ed. 1013; Hogan v. U. S. (C. C. A.) 48 F.(2d) 516, 517. If defendant had desired further information, it should have moved for bill of particulars. Leverkuhn v. U. S. (C. C. A.) 297 F. 590. Appellants stand no better as

regards the substantive count, for it has been settled for this circuit in Karger v. U. S., 46 F.(2d) 302, and Maceo v. U. S., 46 F.(2d) 788, and for the circuits generally in Husty v. U. S., 282 U. S. 702, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407, that an indictment in the form authorized by section 32 of title 2 of the National Prohibition Act (27 USCA § 49) is sufficient as an indictment, and that, if more definite information is sought, this should be asked for in a timely motion for bill of particulars.

It remains only to consider whether there was reversible error in the action of the court in admitting testimony or in refusing the requested charge.

■ The only ground against the evidence urged was that it was irrelevant and immaterial in view of the overwhelming effect of the evidence to establish the guilt of appellants, it may be generally said of all of the objections to the testimony that it must be made clearly to appear, not only that the admitted evidence was immaterial, but that the failure to exclude it visited upon appellants definite and substantial prejudice. Community Natural Gas Co. v. Henley (C. C. A.) 54 F.(2d) 59, 61.

We find no substantial error in any of the rulings. To them the concluding language of the opinion in Ford v. U. S., 273 U. S. 624, 47 S. Ct. 531, 542, 71 L. Ed. 793: "With respect to all these instances, we think that there was sufficient probable connection with the conspiracy already shown to allow the items of evidence to be introduced, leaving to the jury the weight of it, but that even if in any of such instances there was error, they were merely cumulative proof of the conspiracy which was practically undenied and their admission was harmless," is entirely applicable.

■ The remaining assignment, that the court erred in failing to charge the jury in substance that, "where the Government charges the defendant with possessing or transporting packages containing whisky, it must prove that the packages so possessed or transported did in fact contain whisky," presents no reversible error; in fact, no error at all, for it was without application to the case in hand. Defendants were tried neither for possessing nor for transporting whisky; they were tried for a conspiracy to violate the National Prohibition Act, and for a sale of liquors contrary to that act. The most that can be said in appellants' favor of the requested charge is that, in emphasizing the necessity of proving the elements of the of-

fense charged, it contained a suggestion of what might well have been in different form charged to the jury. The charge of the court is not brought up, nor is any error assigned to any part of it. In this state of the record, since the charge in the form requested was properly refused, we may not assume that appellants have been prejudiced by the main charge; on the contrary, we must take it for granted that what the charge should have contained is to be found there.

The judgment is affirmed.