## JENKINS et al. v. UNITED STATES.

### No. 5956.

Circuit Court of Appeals, Fifth Circuit.
May 24, 1932.

Rehearing Denied June 18, 1932.

John J. Bouhan, David S. Atkinson, and Ernest J. Haar, all of Savannah, Ga., for appellants.

Chas. L. Redding, U. S. Atty., of Savannah, Ga.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Defendants, convicted under an indictment in three counts charging, count 1, conspiracy to smuggle and transport intoxicating liquors; count 2, smuggling intoxicating liquors; count 6, receiving smuggled liquors, appeal, assigning error in overruling their demurrers, in admitting evidence in refusing to direct a verdict of not guilty, and in refusing to give a special charge.

The government confesses error as to counts 2 and 6. Curtis v. U. S. (C. C. A.) 38 F.(2d) 450; Sanchez v. U. S. (C. C. A.) 52 F.(2d) 1086; Bailey v. U. S. (C. C. A.) 53 F.(2d) 982. It insists, however, that the trial was without error as to the conspiracy count.

We think the position of the government is correct. The indictment properly and sufficiently charged the commission of the offense of conspiracy. Christianson v. U. S. (C. C. A.) 52 F.(2d) 950; Wilson v. U. S. (C. C. A.) 59 F.(2d) 1.

What we have said in Wilson v. U. S., supra, as to the overwhelming effect of the proof to establish the guilt of appellants and as to the failure to show the commission of error prejudicial to appellants in the admission of evidence applies with even greater force to this case.

It is true enough that the testimony of Hines as to the concern known as the Oglethorpe Brokerage Company had practically no probative relevance in the case, but, in view of the overwhelming character of the direct and uncontradicted proof of appellants' guilt, the entire irrelevancy of Hines' testimony may be conceded and still present no ground for reversal. All of the other evidence which was objected to as irrelevant and immaterial was either relevant as a circumstance tending to prove the existence of the conspiracy [Rowan v. U. S. (C. C. A.) 281 F. 137; Martin v. U. S. (C. C. A.) 17 F.(2d) 973; Heike v. U. S., 227 U. S. 131, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128] or, if irrelevant, was also so immaterial as to carry no sting.

Appellants complain of the refusal of the court to give this charge: "A conspiracy is constituted by an agreement, it is the result of the agreement rather than the agreement itself, just as a partnership, although constituted by a contract, is not the contract, but is a result of it. A conspiracy is a partnership in criminal purposes."

On its face, it appears that the refusal of this charge, a mere abstraction, could not have prejudiced the defendants. Defendants are indeed entitled to have presented to the jury, by appropriate instructions, their defensive theories which are supported by the evidence in the case, and failure to submit them when properly requested may constitute reversible error. Abstractions, such as the one in question here, do not come within the rule.

The conviction and judgment on counts 2 and 6 are reversed; the conviction, judgment, and sentence on count 1 are affirmed.