### UNITED STATES v. FRANK.
### No. 8675.

District Court, W. D. Pennsylvania.
April 21, 1933.

James I. Marsh, First Asst. U. S. Atty., of Pittsburgh, Pa.

Crowell & Whitehead, of Greensburg, Pa., for defendant.

McVICAR, District Judge.

Rev. St. § 5209 (12 U. S. C. § 592 [12 USCA § 592]), provides: "Any officer, director, * * * of any Federal reserve bank, or of any member bank * * * who embezzles, abstracts, or willfully misapplies any of the moneys, funds, or credits of such * * * member bank * * * with intent in any case to injure or defraud such * * * member bank, or any other company, body politic or corporate, or any individual person * * * shall be deemed guilty of a misdemeanor."

The defendant was indicted in this case on nineteen counts, the first seventeen of which charged him, while a director and president of the Ligonier National Bank, a member bank, with the embezzlement of moneys, funds, and credits of said bank. The last two counts charged defendant with the willful misapplication of moneys, funds, and credits of said bank. Count 19 was nol prossed. The jury found the defendant guilty on counts 1, 7, 8, 9, 10, 14, 15, 16, and 17 (all of which were embezzlement counts), and not guilty on counts 2, 3, 4, 5, 6, 11, 12, 13, and 18.

This case is now before us on defendant's motion for a new trial. He alleges in support thereof that the court erred in receiving evidence of the government to support the counts upon which he was convicted to the effect that the moneys, funds, and credits embezzled were bonds of customers of said bank deposited with the bank for safe-keeping (upon which the bank clipped the coupons, collected the interest, and credited the depositors' accounts with the amount thereof), for the reason that the counts upon which he

was convicted charged him with the embezzlement of moneys, funds, and credits, which consisted of bonds of said bank, and did not charge him with the embezzlement of the bonds of customers deposited for safe-keeping, and therefore it followed that there could not be a conviction on such evidence.

Defendant has not, by motion to quash, demurrer, or by motion in arrest of judgment, or otherwise, questioned the sufficiency of the indictment. Its sufficiency, therefore, should be assumed. Dunn v. U. S., 284 U. S. 390, 52 S. Ct. 189, 76 L. Ed. 356, 80 A. L. R. 161. In Hagner v. U. S., 285 U. S. 427, 433, 52 S. Ct. 417, 420, 76 L. Ed. 861, it is stated: "Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment."

At the trial counsel for defendant contended that Rev. St. § 5209 (12 USCA § 592), did not cover embezzlement of securities deposited with a member bank for safe-keeping. Counsel now admits that the act does cover such transactions. That the act covers such transactions seems to logically follow from the terms of the act, wherein it states that: "Any officer, director * * * who embezzles * * * the moneys, funds, or credits of such * * * bank, with intent * * * to injure or defraud such * * * member bank, or any other company, body politic or corporate, or any individual person * * * shall be deemed guilty," etc. This conclusion is also supported by the authorities. First National Bank v. Graham, 100 U. S. 699, 25 L. Ed. 750; U. S. v. Jenks et al. (D. C.) 264 F. 697; U. S. v. U. S. Brokerage & Trading Co. (D. C.) 262 F. 459; Spencer v. U. S., 169 F. 562 (8 C. C. A.) and Bishop v. U. S., 16 F.(2d) 406 (8 C. C. A.).

Under the law defendant is presumed to have known, when he was charged with the embezzlement of moneys, funds, and credits of the Ligonier National Bank consisting of designated bonds, that such bonds might consist of bonds held by the bank as bailee, or in which the bank was the absolute owner thereof. The indictment gave him such notice. He had actual notice. His counsel admitted that they were advised by the district attorney some time prior to the trial that the bonds with which defendant was charged with embezzlement were bonds deposited with the bank for safe-keeping by customers. The record discloses that this court, on petition of defendant, made an order directing that he be permitted to examine the books and records of said bank for the purpose of preparing his defense. If further information was desired by defendant as to the ownership of the bonds in order to prepare his defense, he was entitled to a bill of particulars which could have been obtained by making proper application therefor Case v. U. S., 6 F.(2d) 530 (9 C. C. A.); Leverkuhn v. U. S., 297 F. 590 (5 C. C. A.); Bartell v. U. S., 227 U. S. 427, 33 S. Ct. 383, 57 L. Ed. 583, and Durland v. U. S., 161 U. S. 306, 16 S. Ct. 508, 40 L. Ed. 709.

The indictment is sufficient to protect the defendant against another prosecution for the same offense in the federal courts. The Fifth Amendment does not prevent separate prosecutions for the same act by separate sovereignties. U. S. v. Lanza, 260 U. S. 377, 382, 43 S. Ct. 141, 67 L. Ed. 314. Accused has the right to resort to parol testimony to establish the subject-matter of a former conviction. Bartell v. U. S., 227 U. S. 427, 33 S. Ct. 383, 57 L. Ed. 583.

I conclude on the point under consideration that the term "moneys, funds or credits," as employed in Rev. St. § 5209 (12 US CA § 592), is broad enough to cover bonds deposited by customers of a member bank for safe-keeping; that the indictment in this case is broad enough to cover embezzlement by defendant of bonds deposited by customers for safe-keeping; that the proof conforms to the allegations; that the indictment and conviction is sufficient to protect the defendant from another federal prosecution for the same offenses; and that defendant was not prejudiced because the indictment did not name the owners of the bonds who deposited them with the bank for safe-keeping.

Counsel for defendant, in their oral and written arguments, contended briefly that there was an inconsistency in the jury's verdict because the jury found defendant guilty of nine of the seventeen embezzlement counts, and found him not guilty of eight of such counts. We have not been furnished with a transcript of the evidence. The evidence is lengthy. The case was on trial about two weeks. I am satisfied, however, that there was no inconsistency. Each count was a separate offense. It charged the defendant with the embezzlement of different bonds deposited by different owners from that charged in the other counts. Necessarily the evidence differed as to each count. At any rate, inconsistency in verdict is not of itself a reason for the granting of a new trial. Dunn v. U. S., 284 U. S. 390, 393, 52 S. Ct. 189, 76 L. Ed. 356, 80 A. L. R. 161.

This case was fairly and capably presented by counsel for the government and defendant. I find no error or reason for disturbing the verdict of the jury. The motion for a new trial is refused.

And now April 21, 1933, comes George Clifford Frank, defendant, by his attorneys Crowell & Whitehead, and excepts to the judgment or decree of the court refusing the motion for a new trial, and at his request a bill is sealed.

NOTE:—Defendant was sentenced to imprisonment in the federal penitentiary at Lewisburg, Pa., for a term of three years. No appeal was taken, and he is now serving sentence.