**UNITED STATES v. BROTHMAN et al.**

United States District Court
S. D. New York.
Oct. 10, 1950.

Irving H. Saypol, U. S. Atty., Myles J. Lane, Chief Asst. U. S. Atty., New York City, Thomas J. Donegan, Sp. Asst. to the Atty. Gen., Roy M. Cohn, Asst. U. S. Atty., New York City, of counsel, for the United States.

William L. Messing, New York City, for defendants.

WEINFELD, District Judge.

This is a two count indictment. The first count charges conspiracy on the part of the defendants Abraham Brothman and Miriam Moskowitz. It alleges that between May 28, 1947 and June 12, 1950 they and one Harry Gold, a co-conspirator, but not named as a defendant, and other persons unknown to the Grand Jury, conspired to defraud the United States in the exercise of its governmental function of administering and enforcing the criminal laws of the United States and to influence and obstruct and impede the due administration of justice in violation of Title 18 United States Code, § 241 (1946 Ed.).[1]

Under this count it is further alleged that during the period of the conspiracy a Grand Jury for the Southern District of New York was conducting an investigation of possible violations of espionage and other Federal criminal statutes, which the defendants well knew. The indictment amplifies the general charge by alleging four specific purposes as part of the conspiracy, as follows:

(1) The defendant, Abraham Brothman, and Harry Gold, the co-conspirator not named as a defendant in the indictment, would agree upon fictitious explanations of

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 1503.

their associations with each other and divers other persons;

(2) When the defendant, Abraham Brothman, appeared before the Grand Jury, he would give false, fictitious, fraudulent and manufactured information concerning the aforementioned associations;

(3) Abraham Brothman would inform Harry Gold of the substance of his testimony before the Grand Jury, for the purpose of enabling the latter to conform his testimony thereto; and

(4) When Harry Gold appeared before the aforesaid Grand Jury he would give false, fictitious, fraudulent and manufactured information concerning the aforementioned associations which would conform to the information theretofore given to said Grand Jury by the defendant, Abraham Brothman.

Thereafter the indictment sets forth four overt acts in pursuance of the conspiracy and to effect the objects thereof.

The second count charges that the defendant Brothman on July 31, 1947, corruptly endeavored to influence, intimidate and impede Harry Gold, a witness before a Grand Jury in the Southern District of New York, and did corruptly influence, obstruct and impede and endeavor to influence, obstruct and impede the due administration of justice therein. The general charge of obstruction is amplified by a charge that the defendant, knowing that Harry Gold had received a subpoena to appear before the Grand Jury inquiring into possible violation of the espionage laws, urged, advised and persuaded him to give false testimony before said Grand Jury. Title 18 United States Code, § 241, 1946 Edition.

The defendants moved for an order, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., directing the service of a bill of particulars of three specific items. They seek (1) the substance of the testimony given by Harry Gold before the Grand Jury with respect to his associations with the defendants and divers other persons, and whether the Government claims such testimony was false, and if so, in what respects; (2) the means by which it is alleged defendant Brothman urged, advised and persuaded Harry Gold to give false testimony before the Grand Jury; and (3) the exact date on which Gold testified before the Grand Jury and whether the Government claims the defendants committed any acts in furtherance of the alleged conspiracy after the date on which Gold testified, and if so, what acts.

Rule 7(f) which is substantially a restatement of existing law on bills of particulars in criminal cases, authorizes the Court to direct the filing of a bill "for cause".

■ The requirement of an indictment is that (1) it shall advise the defendant of the nature and cause of the accusation in order that he may meet it and prepare for trial, and (2) after judgment be able to plead the record and judgment in bar of a further prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Bartell v. United States, 227 U.S. 427, 431, 33 S.Ct. 383, 57 L.Ed. 583.

■ Sufficient cause is shown if the indictment fails to meet the foregoing requirements. In the instant case no affidavit of either defendant or the attorney representing them was submitted in support of the motion. No claim is made that the information enumerated in the motion is necessary to enable the defendants to prepare for trial and to meet the Government's case. On the contrary, when questioned by the Court upon the argument, counsel readily acknowledged that such was not the purpose of the motion. Thus there is eliminated any "cause" based upon a need for the particulars in preparation for trial and to avoid surprise thereat. Counsel's contention, however, was that the particulars are required to protect the defendants' rights against double jeopardy in the event of a conviction or an acquittal. Thus the claim of "cause" required before the motion may be granted is narrowed and is to be determined from the indictment.

■ Both counts of the indictment, the details of which are stated above, appear sufficiently clear and definite, the one charging the defendants with conspiracy to defraud the United States in the exercise of its governmental function in enforcing its criminal laws and to influence, obstruct and impede the administration of justice, and the other, charging Brothman with endeavoring to influence, intimidate and impede a witness and to obstruct the due administration of justice, to protect the respective rights of the defendants in bar of a further prosecution for the same offense upon a conviction or acquittal.

■ The indictment in the charging clause sets forth the specific violations of the particularly cited statute in substantially the statutory language. Ordinarily, an indictment in this form is sufficient. United States v. Kushner, 2 Cir., 135 F.2d 668. In the instant indictment the basic charge of violation of the statute is amplified in each count by giving information and particulars beyond that required to be stated. Rule 7(c), Federal Rules of Criminal Procedure. The conspiracy charge is elaborated and specified in five succeeding paragraphs prior to the allegations containing the overt acts.

So, too, in the case of the substantive count against the defendant Brothman. The indictment in its charging paragraph sufficiently meets the requirements of law; and here, too, the Grand Jury amplified the charge by setting forth in three succeeding paragraphs details which essentially give the defendant particulars as to the nature of the offense and the crime charged.

■ To grant this motion would require the Government to furnish its evidence to the defendants in advance of trial. Moreover, in view of the request for the testimony of Harry Gold before the Grand Jury, it would mean more than directing the filing of a bill of particulars. It would be tantamount to granting a partial inspection of the Grand Jury minutes. While the Court has the power to do so, it should rarely be exercised. No sufficient reason has been shown to justify it in this instance.

The motion is denied in all respects.