**UNITED STATES v. COSTELLO.**

United States District Court
S. D. New York.
Feb. 25, 1954.

**160**

J. Edward Lumbard, U. S. Atty. for Southern District of New York, New York City, for the United States. Lloyd F. MacMahon, Chief Asst. U. S. Atty., Arthur H. Christy; Asst. U. S. Atty., New York City, of counsel.

Fennelly, Eagan, Nager & Lage, New York City, for defendant. Leo C. Fennelly, New York City, of counsel.

WEINFELD, District Judge.

The defendant moves for an inspection of the grand jury minutes on the ground that there was no competent evidence before the grand jury upon which the indictment could be predicated. The motion is supported by his affidavit wherein he asserts (1) that he paid in full all income taxes due for the years set forth in the several counts of the indictment; and (2) that to the best of his knowledge he never issued a financial or net worth statement upon which the grand jury could legally base an indictment.

The first ground adds nothing to his plea of not guilty; the second partakes of an allegation made upon information and belief as to what transpired before the grand jury. The presumption, of course, is that the indictment was founded on competent evidence and there is nothing to show to the contrary. United States v. Weber, 2 Cir., 197 F.2d 237. Neither is there any showing nor contention that irregularities occurred before the grand jury. Cf. United States v. Remington, 2 Cir., 191 F.2d 246.

The power of the Court to inspect or permit an inspection of the grand jury minutes should rarely be exercised. United States v. Garsson, D.C., 291 F. 646; United States v. Brothman, D.C., 93 F.Supp. 368, 371. The affidavit submitted on the present application is devoid of any facts to compel the conclusion that this is one of those rare cases in which the Court should exercise its discretionary power. "A mere request to inspect the minutes, without any statement of facts indicating insufficiency of the evidence, is not enough to require the court to inspect the minutes." United States v. Weber, supra [197 F 2d at 238].

The motion is denied.