Raymond Earl **FOSTER**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 7777.

United States Court of Appeals
Tenth Circuit.

Dec. 1, 1964.

Arthur E. Otten, Jr., Denver, Colo., for appellant.

John W. Raley, Jr., Asst. U. S. Atty., (B. Andrew Potter, U. S. Atty., on the brief) for appellee.

Before PHILLIPS, PICKETT and SETH, Circuit Judges.

PER CURIAM.

Foster was convicted after a trial by jury on each of eight counts of an indictment. On the second count he was sentenced to imprisonment for a term of 20 years. On each of the remaining seven counts he was sentenced to lesser terms. The several sentences were to run concurrently. He filed a motion under 28 U.S.C.A. § 2255 to vacate the sentences. However, he has served sufficient time to satisfy the sentences on all of the counts, except Count Two. From an order denying that motion, he has appealed.

The second count of the indictment charged:

"That on or about the 11th day of April, 1958, in the Western Judicial District of Oklahoma, the defendant Raymond Earl Foster aided or abetted in the transferring of, or transferred a quantity of marihuana, which, together with certain adulterants, weighed approximately 633 grains, said transfer not being in pursuance of a written order of the person to whom such marihuana was transferred on a form issued in blank for that purpose by the District Director of Internal Revenue; in violation of Section 4742(a), Title 26, U.S.C.A."

The motion was predicated on the ground that each of the several counts of the indictment does not state facts sufficient to constitute an offense against the United States.

On appeal it is urged that the indictment was so lacking in particularity that it was insufficient to inform him of the charge against him, so he could prepare his defense thereto and plead the judgment as a bar to a subsequent prosecution for the same offense.

Where the offense is defined by a Federal statute, of which the court wherein the defendant was tried and sentenced had jurisdiction, and the court had the jurisdiction of the person of the defendant, and the indictment manifestly endeavored to charge an offense under such statute, the sufficiency of the indictment is not subject to collateral attack by motion under § 2255, supra.[1]

1. Barnes v. Hunter, 10 Cir., 188 F.2d 86, c. d. 342 U.S. 920, 72 S.Ct. 368, 96 L.Ed. 688; Kreuter v. United States, 10 Cir., 201 F.2d 33, 35; Smith v. United States, 10 Cir., 205 F.2d 768; Charley v. United States, 10 Cir., 303 F.2d 512, 513.

Here, it is clear that Count Two of the indictment alleged each of the several elements of the offense defined in § 4742(a), supra; that the sentencing court had jurisdiction of the offense and of the person of the defendant; and that the indictment endeavored to charge an offense under that statute. Hence, the indictment was not subject to a collateral attack under § 2255, supra.

However, if the sufficiency of the indictment could be raised by the motion, the result would be the same. The main thrust of the argument here is that the indictment was so lacking in particularity that Foster could not plead it as a bar to a subsequent prosecution for the same offense.

It is clear from a reading of the indictment that it sought to charge in the alternative that Foster either aided and abetted another in the transfer, or he, himself, transferred a particular quantity of marihuana, not in pursuance of the written order of the person to whom such marihuana was transferred, and that only one transfer was involved. In other words, the indictment charged either aiding or abetting the transfer or the transferring of a single specific quantity of marihuana.

Moreover, a complete record of the criminal trial of Foster, including the evidence adduced, was before the court on the motion to vacate and is included in the record in the instant case. In support of a plea of former jeopardy, Foster could rely upon any pertinent parts of the record to establish the identity of the offense.[2]

The testimony introduced to prove Count Two shows clearly that a single transaction and one particular quantity of marihuana was involved and clearly identified that transaction and the offense charged. Hence, both the indictment and the available record are clearly sufficient to enable Foster to plead former jeopardy as a defense to a subsequent prosecution for the same offense.

The fact that the second count of the indictment charged Foster as an aider and abettor, and in the alternative as a principal, did not prejudice Foster with respect to a plea of former jeopardy. Under the circumstances of the instant case, and the well-established general rule, jeopardy attached as to both charges in the second count when the jury was impaneled and sworn to try the case.[3] None of the exceptions to that general rule were present under the facts of the instant case.[4]

Affirmed.

2. Russell v. United States, 369 U.S. 749, 764, 82 S.Ct. 1038, 8 L.Ed.2d 240; Bartell v. United States, 227 U.S. 427, 433, 33 S.Ct. 383, 57 L.Ed. 583.

3. McCarthy v. Zerbst, 10 Cir., 85 F.2d 640, 642, c. d. 299 U.S. 610, 57 S.Ct. 313, 81 L.Ed. 450; Cornero v. United States, 9 Cir., 48 F.2d 69.

4. See Downum v. United States, 372 U.S. 734, 735, 736, 83 S.Ct. 1033, 10 L.Ed. 2d 100.