**Armour BAILEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7935.**

United States Court of Appeals
Tenth Circuit.

Jan. 27, 1965.

See, also, 10 Cir., 324 F.2d 632.

———◇———

Bruce Ducker, Denver, Colo., for appellant.

Melvin M. Gradert, Asst. U. S. Atty., Wichita, Kan. (Newell A. George, U. S. Atty., for the District of Kansas, with him on the brief), for appellee.

Before PICKETT and LEWIS, Circuit. Judges, and DAUGHERTY, District. Judge.

PER CURIAM.

This is an appeal from an order denying a motion to set aside a judgment and' sentence under 28 U.S.C. § 2255. On

August 15, 1961 the appellant Bailey appeared in the United States District Court for the District of Kansas with counsel of his own choice, and entered a plea of guilty to an indictment which charged that he, with others, "forcibly entered into the State Bank of Colwich * * * Kansas, a bank insured by the Federal Deposit Insurance Corporation of the United States, with the intent to steal therefrom, and did attempt to enter the said bank vault therein by breaking a hole in the wall surrounding same; in violation of 18 U.S.C. 2113." This is Bailey's third Section 2255 attack on the judgment and sentence imposed after the plea of guilty.

In essence, the allegations of the motion are that the indictment fails to charge an offense under the statute and the judgment and sentence is therefore void. We find no merit in the contention. Rule 7(c), F.R.Crim.P., requires that an indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. All the essential elements of the offense are contained in the allegations of the indictment and they meet the requirements of the rule, even if timely challenged prior to conviction. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Young v. United States, 10 Cir., 329 F.2d 316, cert. denied 377 U.S. 980, 84 S.Ct. 1886, 12 L.Ed.2d 748; Mims v. United States, 10 Cir., 332 F.2d 944;[1] Clay v. United States, 10 Cir., 326 F.2d 196, cert. denied 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050; Smith v. United States, 10 Cir., 273 F.2d 462, cert. denied 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729.

There is no need for a discussion of the test of the sufficiency of the indictment in post-conviction proceedings. See, Foster v. United States, 10 Cir..

339 F.2d 188; Flores v. United States, 10 Cir., 338 F.2d 966; Charley v. United States, 10 Cir., 303 F.2d 512; Barnes v. Hunter, 10 Cir., 188 F.2d 86, cert. denied 342 U.S. 920, 72 S.Ct. 368, 96 L.Ed. 688.

Affirmed.

---

[1] In Mims v. United States, 10 Cir., 332 F.2d 944, 946, the court said:

"The traditional criteria by which the legal sufficiency of an indictment is determined is whether it contains the elements of the offense charged and apprises the accused of the nature of the charge, so as to enable him to prepare a defense and to plead the judgment in bar. See: United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92; Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; and Clay v. United States (10 CA), 326 F. 2d 196."