STATE OF NEBRASKA, APPELLEE, V. LEONARDO MARTINEZ, APPELLANT.

550 N.W.2d 655

Filed July 12, 1996.   No. S-95-019.

Jon Placke, of Box Butte County Public Defender's Office, for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WHITE, C.J.

We agreed to the State's petition for further review to resolve the disagreement between two decisions of the Nebraska Court of Appeals. At issue are the Court of Appeals' decisions in *State v. Martinez*, 4 Neb. App. 192, 541 N.W.2d

406 (1995), and *State v. Quick*, 1 Neb. App. 756, 511 N.W.2d 168 (1993).

In the information against Martinez, it was alleged that a first degree sexual assault against Matthew P. occurred "between July 1, 1991 and June 18, 1994." In *Martinez*, the Court of Appeals relied on *Bartell v. United States*, 227 U.S. 427, 431, 33 S. Ct. 383, 57 L. Ed. 583 (1913), wherein the U.S. Supreme Court stated that an indictment

> shall advise the accused of the nature and cause of the accusation against him in order that he may meet the accusation and prepare for his trial and that, after judgment, he may be able to *plead the record and judgment in bar of further prosecution for the same offense.*

(Emphasis supplied.) See *Cowan v. State*, 140 Neb. 837, 2 N.W.2d 111 (1942). The Court of Appeals in *Martinez* held that an information must apprise a defendant with reasonable certainty of the charge against him so that he may prepare a defense to the prosecution and be able to plead the judgment as a bar to a later prosecution (citing *State v. Piskorski*, 218 Neb. 543, 357 N.W.2d 206 (1984)).

The question, then, on which the decisions of the Court of Appeals differed was whether the information, as limited by the trial court, i.e., from July 1, 1991, to September 1, 1993, satisfied the *Bartell* standard. The *Quick* court held that the *Bartell* standard was not satisfied by a timeframe allegation; the *Martinez* court, however, held that where an information provides a timeframe which has a distinct beginning and an equally clear end within which the crimes are alleged to have been committed, it is sufficient to satisfy the requirements of the Sixth Amendment. We agree. As noted by the *Martinez* court, to hold otherwise would impose an impossible burden on a child sexual assault victim where there are allegations of multiple assaults over a lengthy timeframe. Any implication to the contrary in *State v. Quick, supra*, is disapproved.

In *State v. Piskorski, supra*, this court considered the claim that an information is unconstitutionally vague if it alleges a timeframe, rather than a specific date, during which a crime was committed. Like *Martinez* and *Quick*, *Piskorski* arose from one conviction based on several alleged commissions of

sexual assault; like the child victims in *Martinez* and *Quick*, the child victim in *Piskorski* could not specify the date on which the assault occurred. The State had alleged that the assault occurred between September 1 and December 25, 1982. At trial, the State proved one sexual assault within that period by relating the assault to a particular event, the presence of the child's mother during the assault. Proof of that event, if sufficient, would make it possible for Piskorski to subsequently prove, if necessary, which act had resulted in his conviction.

We found the information charging Piskorski to be constitutionally sufficient. An indictment or information alone does not constitute a defendant's sole protection against double jeopardy. *State v. Piskorski, supra.* Rather, a defendant may allege and prove facts outside of the record in support of his plea of former adjudication. *Id.* Indeed, the information, the instructions to the jury, and the record in Piskorski's case left no doubt that the act for which Piskorski was convicted was a specific act, although other violations not charged in the information might have occurred. Under *Piskorski*, an information or indictment is not rendered invalid when the State presents evidence of several violations in its efforts to secure one conviction.

The problems presented in *Piskorski*, *Quick*, and *Martinez* are endemic to child sexual assault cases. Because sexual assaults on minors are typically unwitnessed, and because such assaults can leave little or no physical evidence, a prosecutor is often resigned to basing the State's case on the testimony of the minor victim. Yet, young victims are often unsure of the date on which the assault or assaults occurred. A child who has been assaulted repeatedly may have no meaningful reference point of time or detail by which to distinguish one specific act from another. This is particularly true when a child has been assaulted on a regular basis and in a consistent manner. The more frequent and repetitive the assaults and the younger the victim, the more this problem is exacerbated, and the prosecutor's ability to prove specific acts through the victim's testimony decreases accordingly.

We cannot approve as law the holding of the *Quick* court that an information cannot allege a timeframe rather than a specific date in order to compensate for the vagaries of a child's memory. That result would effectively insulate the most vicious offenders—those who assault the youngest children the most times and who traumatize their victims the most severely. Such a policy is by every definition unconscionable, particularly in light of the fact that a timeframe allegation need not negate double jeopardy protection. Consistent with this court's opinion in *Piskorski*, the *Martinez* court noted correctly that a trial court in a subsequent prosecution may tailor double jeopardy protection to reflect the time period involved in the charge in the first prosecution.

The State may allege a timeframe for its allegations of sexual assault of a child in its first prosecution; as a quid pro quo to ensure that this liberty is not abused, the State must survive double jeopardy scrutiny if it attempts a second prosecution based upon the same transaction during the same timeframe. Unless the offense charged in the second prosecution is clearly separate and apart from the offense charged in the first prosecution, the timeframe alleged in the first prosecution acts as a "blanket bar" for subsequent prosecutions. This is the only viable means of balancing the profound tension between the constitutional rights of one accused of child molestation against the State's interest in protecting those victims who need the most protection.

It is preferable to allow the State to conduct one vigorous prosecution to protect a child rather than to bar any prosecution at all because of a child's natural mnemonic shortcomings. If, at the time the information is filed, the State knows of all facts and all possible charges arising from one transaction or series of transactions within a timeframe, and if nothing prevents the State from filing all charges in one information, then there is no reason why the State need attempt a series of prosecutions of one charge at a time rather than prosecute all charges at once.

In this case, the State alleged and tried two separate counts of first degree sexual assault and one count of sexual assault of a child. All three charges were brought as a result of one

investigation that included several interviews with Matthew and the concurrent prosecution of two codefendants, who were alleged to have sexually assaulted Matthew separate and apart from the assaults allegedly committed by Martinez. It is clear that the State has done its best to ascertain when the alleged assaults occurred in the interest of protecting the minor victim and speeding resolution of the charges. To correct the imbalance of rights created when, as in this case, the State exercises its right to a liberal timeframe allegation, the U.S. Constitution requires a proportionate increase in the defendant's protection against double jeopardy. Thus, our holding in this case ends the State's prosecution of Martinez for any acts committed within the timeframe it deemed necessary to prosecute the acts for which Martinez is now incarcerated.

We limit our review to the issues raised in this appeal and affirm the finding of the Court of Appeals that the information charging Martinez passed constitutional muster.

AFFIRMED.