TROY LAUNDRY MACHINERY CO., Limited, et al. v. ADAMS LAUNDRY MACHINERY CO. et al.

(Circuit Court, N. D. New York. December 17, 1901.)

No. 6,783.

1. PATENTS—REISSUES—BROADENING OF CLAIMS.

The claims of a patent which has been in existence for 10 years, during which time it has been before the courts in a number of cases, and construed and held valid, cannot be broadened by a reissue to cover structures which the courts had previously decided did not infringe; and

particularly where such broadening of the claims eliminates the distinctive feature of the invention, upon which alone the validity of the original patent was sustained, and of which decrees for infringement were predicated.

2. SAME—INFRINGEMENT—DAMPENING MACHINES.

The Wendell & Wiles reissued patent No. 11,727 (original No. 401,770), for a dampening machine, *held* not infringed.

E. B. Stocking, for complainants.

Wm. W. Morrill, for defendants.

COXE, District Judge (orally). The question is so simple and the disposition which must be made of it is, in my view, so clear that I think I had better render the decision now while the matter is fresh in mind. Should I take the papers it will be months before I will be able to take up the case for examination.

Regarding the prior decisions of this court the question is not what might have been decided or even what ought to have been decided; the question is what was decided? and as to that there is absolutely no doubt. The first decision construing this patent was made in March, 1893, in the case of Machinery Co. v. Sharp (C. C.) 54 Fed. 712. In that case the patent was sustained because of the novelty in the covering of the rollers, namely, a thin textile fabric as contradistinguished from a thick woolen covering. There can be no question that the decision would have been against the validity of the patent if the claims had been broad enough to cover certain structures of the prior art and particularly the Beach structure for a substantially similar machine, designed, however, for the purpose of dampening and cutting paper. In order that there may be no doubt as to what this decision was a reference to the opinion may be instructive. The court said:

"All of the elements of the combination were old save one,—the dampening rollers covered with a thin textile fabric. The Beach patent, No. 18,032, is, it is thought, the best reference offered by the defendants. It shows rollers arranged in similar juxtaposition to the rollers of the patent in hand, but the Beach mechanism is designed to dampen and cut paper. It would be wholly useless as a machine for dampening collars and cuffs, for the reason, principally, that its rollers are covered with cloth and not by the thin textile fabric of the patent. It was the adoption of this thin fabric which made success out of failure. Other coverings had produced too much or too little water, but this one seems to hit the happy medium. The rollers so covered do the work required with perfect satisfaction, fulfilling all the requirements demanded by the launderer's art."

In other words the court decided that it was the presence on the roller of the thin textile fabric that made the combination patentable. The defendants used the exact device described by the court and referred to in the claims, namely, rollers covered by a thin textile fabric; that is, thin muslin cloth. Very soon after the decision in the Sharp Case the defendants, who I believe were the predecessors of the present defendants, took off the thin muslin covering and substituted a woven woolen covering. Thereupon an action was brought to restrain the use of the substituted rollers and the court held, as I recall the decision, which was delivered orally, that the complainants having obtained a decree sustaining the patent solely

because of the improved rollers, covered by the thin muslin fabric, could not hold as infringers those who substituted for that roller one covered by a thick woolen fabric. That decision was, it seems, carried to the circuit court of appeals and affirmed. Troy Laundry Mach. Co. v. Adams Laundry Mach. Co., 19 C. C. A. 505, 73 Fed. 301. An application was then made for a reissue. The application was granted and the patent was reissued March 2, 1899. The reissue is, therefore, 10 years subsequent to the original patent. An effort is made in the present suit to hold as infringers those who use structures, which both the circuit court and the court of appeals have held to be outside of the claims of the original patent. In other words the reissue seeks to sweep into the net of the patent structures which the courts decided could be used with perfect propriety. I think there can be no question that the claims are broadened. Take the first claim for instance:

"In a dampening machine for laundry purposes, a pair of rollers each having a nonabsorbent, elastic body or periphery, and an absorbent covering of limited capacity and arranged to run in connection with each other in combination with separated water-supply rollers, and with means for regulating the contact pressure of said rollers, substantially as and for the purpose specified."

This language is unquestionably broader than the first claim of the original which provides that the rollers shall be covered by a thin textile fabric. "An absorbent covering of limited capacity" is a much broader designation than a covering of "thin textile fabric."

It seems to me, therefore, that this attempt to cover, by the reissue, machines which, from the date of the original patent up to 1899, might be used and were used with perfect safety, is one which has been denounced by all of the recent decisions of the supreme court, and by "recent" I mean the decisions which began with Miller v. Brass Co., 104 U. S. 350, 26 L. Ed. 783. As I read these decisions they strike at and condemn precisely what has been done in this case. I am clearly of the opinion that the bill must be dismissed.