## RANCOURT v. PANCO RUBBER CO.

### No. 2510.

Circuit Court of Appeals, First Circuit.

Feb. 11, 1931.

Harry Dexter Peck, of Providence, R. I., for appellant.

Melvin R. Jenney, of Boston, Mass. (Horace Van Everen and Van Everen, Fish, Hildreth & Cary, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a bill in equity brought in the District Court for Massachusetts, February 15, 1929, by Walter J. Rancourt, a citizen of Massachusetts, against the Panco Rubber Company, a Massachusetts corporation, for infringement of his patent, No. 17,122, reissued October 30, 1928. Among other defenses set up in its answer, the defendant alleges in substance that on November 18, 1925, the plaintiff brought a prior suit against the defendant on his original patent, No. 1,514,100, of which patent No. 17,122 is a reissue; that the claims of the reissue patent here in suit present no substantial difference over the claims sued upon in the prior suit; that the machine complained of as an infringement in the prior suit is the same machine complained of as an infringement herein; that in the prior suit it was held that the alleged invention or discovery of the plaintiff was not in fact any invention or discovery, and that the original patent was invalid; that the issues raised and decided in the prior suit are the same as those raised in this suit and by reason thereof the plaintiff is estopped to maintain the present suit.

It appears that the claims in issue and alleged to have been infringed in the prior suit were claims 1, 2, 4, and 12 of the original patent; that the defendant in its answer in that suit alleged that the devise there in question did not disclose patentable invention; that the district judge, at the conclusion of the hearing, ruled and found "that there is no patentable invention shown by this patent"; and, having so found, on November 21, 1927, entered a final decree from which no appeal was taken. It also appears that on July 26, 1928, the plaintiff surrendered his original patent, made application for a reissue patent, and on October 30, 1928, obtained reissue patent No. 17,122; that the specification of the reissue patent was somewhat changed, and its claims 1 and 2 and 13 to 16, inclusive, were new, while claims 3 to 12, inclusive, were old. The claims now in issue are the new claims 1, 2, 13, 14, 15, and 16 of the reissue patent.

At the trial of the instant case, in May, 1930, the only question considered and passed upon was whether the plea of res adjudicata was good as a bar to the action. As to this the court held that the decree in the prior suit upon the issue of lack of invention was conclusive and estopped the plaintiff from maintaining the present suit, and entered a decree dismissing the bill. It was stipulated that, in the event the appellate court reversed the ruling, the case should be remanded to the District Court for a hearing on the merits.

It is from this decree that the appeal is taken, and the single question presented is whether the ruling of the District Court that the decree in the prior suit was a bar to the present suit was correct.

In considering the question of res adjudicata, it is necessary to keep in mind whether the second suit, though between the same parties as the first one, is for the same or a different cause of action. As said by this court in Sutton v. Wentworth, 247 F. 493, at page 501: "There is a difference, sometimes overlooked, between the effect of a judgment as a bar to the prosecution of a second action for the same cause and its effect as an estoppel in another suit between the same parties upon a different cause of action. In the former case a judgment on the merits must be pleaded, and is an absolute bar to a subsequent action; it concludes the parties, not only as to every matter which was offered and received to sustain or defeat

the suit, but also as to any other matter which might have been offered for that purpose. In the latter case, the judgment in the prior action may be offered in evidence, and operates as an estoppel only as to those matters which were there directly in issue and either admitted by the pleadings or actually tried. Southern Pacific Railroad v. United States, 168 U. S. 1, 57, 59, 60, 18 S. Ct. 18, 42 L. Ed. 355." See also Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195; Bartell v. United States, 227 U. S. 427, 33 S. Ct. 383, 57 L. Ed. 583.

It is evident that the present suit, based on the reissue patent (a new patent) and upon the new claims, is a suit for a different cause of action from that involved in the prior suit, and that the decree in the prior suit is not a bar to the prosecution of this suit. The court below, therefore, erred in ruling that it was a bar. Frink v. Erikson (C. C. A.) 20 F.(2d) 707, at page 712.

The court should have proceeded to consider the case on its merits. Had it done so and found that the machine called for in the specification and claims of the reissue patent was the same machine called for in the specification and claims of the original patent, and that the decree in the prior suit was based on a finding that the machine of the original patent did not involve patentable invention, then as that issue would be shown to be the same in the second suit as in the prior one, the decree in the prior suit, that the machine did not involve patentable invention, would conclude that issue in the second suit and a decree should have been entered for the defendant on the merits of the case.

Furthermore, had it found that the machine called for in the reissue patent was not the same as the one called for in the original patent, as alleged in paragraphs XII and XIII of the defendant's answer, then the court should have taken such action as that situation called for (Rev. St. § 4916 [35 USCA § 64]), as a reissue patent can only be granted for the same invention for which the original patent was granted. I. T. S. Rubber Co. v. Essex Rubber Co. (C. C. A.) 1 F.(2d) 780, at page 783; Nash Engineering Co. v. Cashin (C. C. A.) 13 F.(2d) 718, 722; Northrop v. Draper Co. (C. C. A.) 239 F. 719, 721.

The decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion. No costs.