**RANCOURT v. PANCO RUBBER CO.**
No. 3076.

District Court, D. Massachusetts.
July 7, 1932.

Harry Dexter Peck, of Providence, R. I., for plaintiff.

Burton W. Cary, Alfred H. Hildreth, Melvin R. Jenney, and Van Everen, Fish, Hildreth & Cary, all of Boston, Mass., for defendant.

MORTON, District Judge.

By the decision of the Court of Appeals the decree dismissing the bill was vacated and the case was remanded to this court for further hearing. 46 F.(2d) 625, 627. In its opinion the Court of Appeals says: "The court should have proceeded to consider the case on its merits. Had it done so and found that the machine called for in the specification and claims of the reissue patent was the same machine called for in the specification and claims of the original patent, and that the decree in the prior suit was based on a finding that the machine of the original patent did not involve patentable invention, then as that issue would be shown to be the same in the second suit as in the prior one, the decree in the prior suit, that the machine did not involve patentable invention, would conclude that issue in the second suit and a decree should have been entered for the defendant on the merits of the case." By "merits" is meant, I understand, the facts bearing on the question of estoppel by a prior judgment. The defendant also contends that the reissue patent is invalid because it is broader than the original patent and was not applied for with-

in two years after the date of the original. R. S. § 4916; 35 USCA § 64 and notes. These two points, and all other issues open on the pleadings, have now been fully heard; all the evidence which either party desired to offer upon them having been presented.

It is agreed by both parties that the drawings of the reissue patent are identical with those of the original patent; that the specifications of the reissue are the same as those of the original except for certain minor changes (page 1, lines 89–95), where the original description was erroneous in its reference to the drawings; that this correcting change is not a significant difference; and that the specifications and drawings of the reissue patent may be regarded for present purposes as identical with those of the original patent. Applying the test suggested by the Court of Appeals, it is clear "that the machine called for in the specifications * * * of the reissue patent was the same machine called for in the specification * *. * of the original patent." Opinion of C. C. A., supra.

■■ There remains then, on this branch of the case, only the question whether the difference in the claims between the original patent and the reissued patent prevents the previous judgment from acting as an estoppel. The claims then in suit defined the issues which were tried. The finding that the patent was void for lack of patentable invention affected only those parts of the machine—and the patent—which were brought into the claims; and the estoppel would be limited accordingly. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214. The claims are, of course, to be read in connection with the drawings and specifications to which they relate, not as mere mechanical abstractions.

■ Turning to the claims of the original and the reissued patents, those numbered 3–12, inclusive, are the same in each. Claims 1 and 2 of the original patent have been completely rewritten in the reissue and four new claims, 13–16, have been added. In the previous case claims 1, 2, 4, and 12 of the original patent were sued on; in the present case, claims 1, 2, 15, and 16 of the reissue.

Judge Lowell heard extensive evidence as to the prior art. At the conclusion of the case he found:[1] "That there is no patentable invention shown by this patent. Everything was old, and in many different varieties, as shown by this series of patents; and in my opinion it required only mechanical skill to so

combine them as to get the result shown by the plaintiff's patent."

The patent to which this finding applied showed a machine which positioned a flexible tap, advanced it to a rotating knife, fed it past the knife so that the edge of the tap was split—"slit" would be a better word— and then discharged the tap without bringing pressure on the split edges. It also had a spreading device which constituted an element of claims 3 to 11, inclusive; it was of secondary importance and need not be here considered. Without undertaking a detailed analysis of the claims then sued on, it may be said that they included all the essential elements of the machine as above stated, except the spreader. That was the mechanical combination as to which Judge Lowell found, to apply the language of the Court of Appeals, "that the machine of the original patent did not involve patentable invention." Opinion of C. C. A., 46 F.(2d) 625, 627. The claims now in suit bring together the same parts of the same machine. The description of certain of these parts in the reissued claims is very different from the original claims; but the combination of mechanism to which they relate is the same for both. It is the combination which Judge Lowell held did not involve patentable invention. Abstractly considered, the new claims are different and are broader in their coverage; but neither on principle, nor under the decision of the Court of Appeals as I understand it, does that fact save the plaintiff from the consequences of the former decision. It follows that the defense of estoppel by judgment is established. On all the evidence I so find and rule.

■ The second ground of defense is that the reissued patent is invalid because broader than the original and applied for more than two years after the date of the original. There is no controversy—and no room for one —that any broadening of a reissue over the original, after the expiration of the time stated, prima facie invalidates the reissue.

I am clearly of opinion that the claims of the reissued patent which are now in suit broaden the original patent. Claims 1 and 2 of the original patent comprised a combination of elements one of which was feeding mechanism consisting of opposed rollers; this element was minutely described in these claims taking over eight lines of each. In the reissued claim 2, this descriptive limitation has been wholly dropped. In its place has been substituted a broad element consisting of "feeding means beside the cutter on opposite sides of the plane of the cutting edge,

---

[1] Orally.

arranged to control the tap while it is passing said cutter." This claim and the new claims 15 and 16 have been so drawn as, in effect, to cover all mechanical means of feeding the tap past the rotary knife. Such broadening is not permitted after the two years have elapsed, unless under very exceptional circumstances, which are neither shown nor claimed to exist in this case. Even if some elements of the reissued claims were narrower than in the original, that does not save the claim if other elements were broadened. In Corbin Cabinet Lock Co. v. Eagle Lock Co., 150 U. S. 38, 14 S. Ct. 28, 37 L. Ed. 989, a situation resembling this case was presented. The original patent had a single claim incorporating structural details which were omitted in the claims of the reissue. It was held that the reissued claim was invalid. See, too, Fox Typewriter Co. v. Corona Typewriter Co., 282 F. 502 (C. C. A. 6); Troy Laundry Machinery Co. v. Adams Laundry Machinery Co. (C. C.) 112 F. 437. On this ground also I am of opinion that the bill should be dismissed; and on all the evidence I so find and rule.

To obviate further hearings if my judgment on the foregoing issues should be reversed on appeal, and to put the case into condition for final judgment by the Court of Appeals, I heard in full the questions of invention and infringement. As to infringement, it is hardly denied. The reissue was drawn with the defendant's machine in mind; and the defendant's machine infringes each of the claims in suit, viz., claims 1, 2, 13, and 14. This view perhaps carries the doctrine of equivalents pretty far as to claim 1; but it seems to me to be justified. As to invention, if that question be open, I incline to the view, in spite of the contrary opinion of my brother Lowell, that the patent does show invention. The problem which it solved was new; nobody had ever slit a rubber tap by machinery, leaving the slit open so that a strengthening piece could be inserted. As has been suggested, the machine had to position the flexible tap with reference to the knife, to hold the tap in position and feed it forward while it was being cut, and to discharge it after the completion of the cut without bringing pressure on the slit edge. There was no existing machine on which this work could be done, or which could be rearranged to do it by mere mechanical changes. The design of such a machine does not seem to have been obvious. Two concerns, one of them of very large experience in the making of shoe machinery, attempted to solve the problem and at first failed. Rancourt accomplished the desired result in a simple and effective way by his circular rotating knife and his arrangement of guides and rolls. It was not a great invention, but it was, I think, a real one; and I so find and rule.

Statements of fact in the foregoing opinion are to be taken as findings of fact, and statements of legal conclusions as rulings of law, under the Equity Rules.

Bill dismissed, with costs.