## RANCOURT v. PANCO RUBBER CO.
### No. 2815.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1933.

Harry Dexter Peck, of Providence, R. I., for appellant.

Burton W. Cary, of Boston, Mass. (Melvin R. Jenney and Fish, Hildreth, Cary & Jenney, all of Boston, Mass., on the brief), for appellee.

Before WILSON and ANDERSON, Circuit Judges, and McLELLAN, District Judge.

WILSON, Circuit Judge.

This is an appeal from a decree of the Massachusetts District Court holding that the plaintiff was estopped to claim infringement of a reissue patent by a prior judgment of the District Court holding the original patent issued on the same invention was invalid, and also that the reissue patent was invalid by reason of the delay in applying therefor.

The litigation between these parties over the original patent was begun by bill in equity filed November 18, 1925, praying for an injunction restraining the defendant from making, using, or vending tap splitting machines embodying the invention of the plaintiff as set forth in its letters patent, No. 1,514,100, issued November 4, 1924.

To the complaint the defendant answered in January, 1926, denying that it had infringed the plaintiff's patent, and asserting that the plaintiff's patent was invalid as involving no advance over the prior art.

It is unnecessary for the purpose of the issues before this court to describe the plaintiff's alleged invention more fully than to say that it involves a machine for splitting the shank of a rubber or composition tap sufficiently to permit the insertion of a fabric of such toughness and consistency as to prevent the nails, essential to fasten the tap to the shoe at the shank, from pulling out through the bending of the shoe at the shank in walking.

This was accomplished in the plaintiff's machine by means of a rotary knife, the tap being fed past the knife by pairs of rolls, one pair of which is longer than the others, and extending over the cutting knife, holds the tap firmly in place until the rotary knife enters the shank of the tap, the other rolls extending no farther than the uncut part of the tap, but sufficiently to hold the tap in place after the knife was once inserted in the shank of the tap.

The alleged infringing machine of the defendant apparently accomplished the same result of feeding the tap past the knife by means of a belt instead of rolls.

The original bill was heard on bill, answers, and proof on November 2 and 3, 1927, and the District Court found that the original patent was invalid as containing no patentable invention. Judgment was entered dismissing the bill on November 21, 1927. No appeal was taken from this judgment, but after a lapse of nearly eight months the plaintiff applied for a reissue of his patent, which was granted October 30, 1928, No. 17,122.

On February 15, 1929, the plaintiff brought the bill in equity now pending, alleging an infringement of the reissue patent No. 17,122. The cause was heard on the record in the original suit and the reissue patent, and on May 16, 1930, the District Court handed down an opinion,[1] holding that as the reissue patent must be for the same invention as the original patent, which had already been held invalid, the issue as to the validity of the reissue patent was res judicata.

On appeal to this court the decree of the District Court was reversed on the ground that the present bill was based, in part, on new claims in the reissue patent, and the doctrine of res judicata did not apply, as the

[1] Orally.

issues under the reissue patent were not the same as under the original bill. 46 F.(2d) 625.

This court remanded the case to the District Court for further consideration on its merits to determine whether the machine described in the specifications and claims of the reissue patent was the same as the machine described in the original patent, and held that if the District Court on further consideration should find that the invention described in the reissue patent was the same as that described in the original patent, the judgment in the prior suit that the machine did not involve a patentable invention would constitute an estoppel and conclude the plaintiff as to that issue in this suit.

This cause was set down for hearing in the District Court, and an opinion was handed down on July 7, 1932, dismissing the bill with costs. 5 F. Supp. 185.

The District Court found, first, that the combination of the several parts of the machine constituting the invention described in the reissue patent was the same as that described in the original patent, and held that the judgment in the prior suit, which was not appealed from, estopped the plaintiff from again raising the issue of its patentability in this suit.

The District Court also considered the case from the standpoint of whether the issues in the present suit were different from those in the prior action on the ground that the new claims added in the reissue patent were broader than those contained in the original patent, and held that they were broader—which, however, the plaintiff strenuously denies—but further held that, since the application for the reissue patent was not made for three years and eight months after the granting of the original patent, it is invalid, and dismissed the bill on both grounds.

Since the plaintiff contends that the claims in the reissue patent are no broader than those in the original patent, and that the drawings and specifications in the reissue patent describe exactly the same machine as the original patent, we think the District Court need have gone no farther than to dismiss the bill on the ground that the plaintiff is estopped by the judgment in the former suit from prevailing in this suit. The plaintiff elected to accept the judgment of the District Court in the former suit that his machine involved no patentable invention. Clearly a reissue patent for the same machine involving the same invention cannot avail the plaintiff in a new suit.

■ Assuming that the new claims are broader than those in the first patent, we think the District Court committed no error in dismissing the bill on the ground that there was too long delay in applying for the reissue patent. Under the ordinary rule a reissue patent with broader claims will not be granted after two years from the date of the granting of the original patent, Miller v. Brass Co., 104 U. S. 350, 26 L. Ed. 783; Mahn v. Harwood, 112 U. S. 354, 5 S. Ct. 174, 6 S. Ct. 451, 28 L. Ed. 665, unless a reasonable excuse can be shown for the delay. Wollensak v. Sargent, 151 U. S. 221, 14 S. Ct. 291, 38 L. Ed. 137; Topliff v. Topliff et al., 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658; Webster Co. v. Splitdorf Co., 264 U. S. 463, 466, 469, 471, 44 S. Ct. 342, 68 L. Ed. 792. The plaintiff cites the fact, as excusing his delay, that during three years of that period he was engaged in supporting his original patent in the court and could not withdraw his original patent without abandoning his suit, and also cites in support of his contention, Gross v. Norris (D. C.) 18 F.(2d) 418, which was affirmed in (C. C. A.) 26 F.(2d) 898, without considering this issue. The plaintiff had previously appealed to the Circuit Court of Appeals in the case of Gross v. Frank, and after a decision in that court (293 F. 702) had proceeded within six weeks to apply for a reissue patent. The District Court held, in Gross v. Norris, supra (18 F.(2d) 418), that a delay of over two years was thus satisfactorily explained. In the present case the plaintiff was advised that the patentability of his invention as described in his original patent was denied by the defendant's answer to his prior suit in January, 1926, and he not only did not appeal from the judgment of the District Court, holding that his original patent contained no patentable invention, but slept on his rights for eight months more before making application for a reissue patent.

Assuming, as the District Court found, that claim 2 and three new claims of the reissue patent are broader than the claims of the original patent, we think the defendant may fairly claim to have acquired intervening rights as to the use of the so-called Donnelly machines, which it began to use even before the machine of the plaintiff was placed on the market, and which it has continued to use after the plaintiff's machine was held by the District Court in the prior suit not to involve a patentable invention, and after the plaintiff had abandoned his rights under his original patent by failing to appeal from the decision.

It is suggested that Donnelly made his machine after seeing the plaintiff's and copied the principles of it, and, therefore, is not in this court with clean hands; but this is only an inference from the omission of a date from Donnelly's first drawing that some of the officials and employees went to see the Rancourt machine some time in the summer of 1923. To the contrary is the direct testimony of Donnelly and the evidence of some of the officials and employees of the defendant, that the defendant for some time prior to the time when the plaintiff began working on his machine—which he did while in the defendant's employ and without advising the defendant of what he was doing—had expended considerable sums in an effort to obtain a satisfactory "tap-splitting" machine. The District Court could have as well found from the evidence that the plaintiff got his idea of his invention from discussions which he overheard while in the defendant's employ.

■ In any event, the District Court in this suit held that he did not show a reasonable excuse for not applying for his reissue patent within the two year period, or promptly after his original patent was declared invalid. What was a reasonable time within which to apply for a reissue, or what constituted a reasonable excuse for not applying within the two year period, was a question of fact for the sitting justice. We do not find that his finding on this point was clearly wrong.

The decree of the District Court is affirmed, with costs.