**JOHN W. GOTTSCHALK MFG. CO. et al. v. SPRINGFIELD WIRE & TINSEL CO.**

**No. 3195.**

Circuit Court of Appeals, First Circuit.
June 1, 1937.

George P. Dike, of Boston, Mass. (Cedric W. Porter and Dike, Calver & Gray, all of Boston, Mass., on the brief), for appellants.

Franklin G. Neal, of Springfield, Mass. (J. L. Stackpole, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a decree of the Federal District Court for Massachusetts dismissing a petition for a supplemental injunction.

It appears that the petitioners, on December 14, 1932, brought a bill in equity charging the defendant, the Springfield Wire & Tinsel Company, with infringement of reissue letters patent No. 18,576 (reissued August 23, 1923, to Reginald F. Sedgley) for an improvement in the method of and apparatus for making coils; that in its answer the defendant questioned the validity and scope of the claims in issue by setting up certain prior art patents, and also alleged that the thing patented, if any of the claims are construed to cover the defendant's practice, "had been in public use and on sale in this country for more than two years prior to the application of said patent" by certain persons, naming them; that after a hearing in the District Court a final decree was entered dismissing the bill and an appeal was taken to the Circuit Court of Appeals; that the Court of Appeals, after reviewing the entire case, rendered an opinion, January 4, 1935, in which, out of the claims in issue, it sustained claims 19, 29, and 31 of the patent, construed claim 19 as being in substance the same as claims 29 and 31, found that the defendant had infringed the claims, vacated the decree of the District Court, and remanded the case for further proceedings, not inconsistent with its opinion; that on April 18, 1935, the District Court, in accordance with the mandate of the Court of Appeals, entered a final decree adjudging that claims 19, 29, and 31 were valid and infringed by the defendant "by making and using machines such as that described in the stipulation Plaintiff's Exhibit 1A and illustrated in the drawings and photographs attached thereto, to make into coils or curls wire which had been previously flattened by defendant on other machines," ordering that a perpetual injunction issue "enjoining and restraining said defendant, its officers, employees, servants, agents, attorneys, clerks and workmen, and every person acting for or on behalf of said defendant, from making, using or selling or aiding others to make, use or sell machines for making wire coils or curls, such as the machines described and illustrated in said stipulation Plaintiffs' Exhibit 1A, and/or any other substantially similar machine in infringement of said claims 19, 29 and 31 of said Letters Patent Reissue No. 18,576"; that,

thereafter, on May 21, 1936, the plaintiffs in the original equity suit filed the petition here in question asking for a supplemental injunction in which they set out the terms of the final decree of April 18, 1935, and alleged that the injunction therein authorized had been personally served on the defendant; and that since the issuance of said decree and injunction, the defendant had continued to infringe claims 19, 29, and 31 "by making, using or selling a flyer type of machine described in * * * affidavits [filed with the petition] and illustrated in the drawings attached to said affidavits and marked 'Plaintiffs' Exhibit A,'" and requested the court to issue an order requiring the defendant to appear and show cause why a supplementary injunction should not issue enjoining the defendant "from making, using or selling a flyer type of machine for making wire coils or curls, such as the machine described in said affidavits of Reginald F. Sedgley and Herbert S. Fairbanks and illustrated in the drawing, Plaintiffs' Exhibit A, attached thereto," and also directing the defendant to file counter affidavits; that, thereafter, the defendant filed an answer, supported by counter affidavits, wherein it admitted that the petitioners were the plaintiffs in the original cause, admitted the entry of the final decree, the issuance and service on the defendant of the petition, but denied that since the issuance of the final decree and injunction it had infringed claims 19, 29, and 31 or any of them, and averred (1) that the only flyer type of machine made or used by the defendant since the final decree and injunction was of the same construction and mode of operation as the flyer type of machine shown and described in United States letters patent No. 1,386,350 to Montgomery & Mason of August 2, 1921, and No. 1,403,181 to Mason dated January 10, 1922; and that prior to the application for original letters patent No. 1,777,-900 to Sedgley, of which letters patent reissue No. 18,576 is a reissue, said flyer type was in public use for more than two years by the J. R. Montgomery Company at Windsor Locks, Conn., and by the defendant at West Springfield, Mass.; (2) that this flyer type of machine was exhibited in the original case as a prior public use by the Montgomery Company and the defendant, and that the decree of the District Court, that claims 19, 29, and 31 were good and valid, did not embody therein said flyer type of machine; (3) that since the is-

suance of said final decree new and non-cumulative evidence not before known to the defendant or discoverable by it had come to its knowledge showing that claims 19, 29, and 31 were wholly void, and that the new evidence consisted in the allegations and admissions in paragraph 3 of the plaintiffs' petition that the said flyer type of machine infringed said claims 19, 29, and 31 and in the statements and admission, in the affidavits of Reginald F. Sedgley and Herbert S. Fairbanks, in support of said petition, that the eye of the flyer of such flyer type of machine forms a curling edge over which the flattened wire is drawn under tension to produce the helical coil; (4) that said claims were void and invalid because of the prior art patents Nos. 1,-386,350 and 1,403,350 and the public use of the machines of those patents; and prayed that the petition be dismissed.

On September 30, 1936, after hearing on the petition for a supplementary injunction and the affidavits, the District Court entered a final decree to the effect "that the petition of the plaintiffs be and hereby is denied without prejudice to a new suit." This decree was entered following an opinion by the court stating its ground for entering the decree, as follows:

"I cannot say that the matter of infringement is so free from doubt that it ought to be decided in favor of the petitioner without giving the parties such an opportunity to present their respective views as can be done in a new suit. In other words, I feel bound by the principle stated in Charles Green Company et al. v. Henry P. Adams Company (C.C.A.) 247 F. 485, that if an asserted new infringement does not plainly render a new action and another trial an expensive futility, the supplemental injunction should not issue."

It is from the above decree that this appeal is prosecuted. In the assignments of error the plaintiffs complain that the court erred (1) in denying their petition and (2) in not holding that the defendant's present method and machine constituted an infringement of claims 19, 29, and 31, which the Court of Appeals had construed and held valid.

It appears from what has been said that the plaintiffs by their petition for a supplementary injunction are seeking to enjoin an alleged infringement of claims 19, 29, and 31 by another and different structure (Exhibit A) for making curled

wire, adopted by the defendant since the structure (Exhibit 1A) previously made use of by it and enjoined in the decree of April 18, 1935.

■ Before passing upon the action of the District Court in denying the plaintiffs' petition and putting them to bringing a supplemental bill, we deem it advisable to point out that, whether the new infringement is tried upon the plaintiffs' petition or on a supplemental bill, the proceeding in either case, although based upon claims 19, 29, and 31, the validity and scope of which have been determined, would be for a new and different cause of action from that set out in the original equity suit, as the alleged infringement, if established, would be for a new and distinct tort. This being so the legal effect of the decree entered in the original suit is more restricted when put in evidence in such a subsequent suit than it would be if the latter suit was for the same cause as that involved in the original or prior suit. This was pointed out by us in Rancourt v. Panco Rubber Co., 46 F.(2d) 625, at page 626, where we said:

"In considering the question of res adjudicata, it is necessary to keep in mind whether the second suit, though between the same parties as the first one, is for the same or a different cause of action. As said by this court in Sutton v. Wentworth, 247 F. 493, at page 501: 'There is a difference, sometimes overlooked, between the effect of a judgment as a bar to the prosecution of a second action for the same cause and its effect as an estoppel in another suit between the same parties upon a different cause of action. In the former case a judgment on the merits must be pleaded, and is an absolute bar to a subsequent action; it concludes the parties, not only as to every matter which was offered and received to sustain or defeat the suit, but also as to any other matter which might have been offered for that purpose. In the latter case, the judgment in the prior action may be offered in evidence, and operates as an estoppel only as to those matters which were there directly in issue and either admitted by the pleadings or actually tried. Southern Pacific Railroad v. United States, 168 U.S. 1, 57, 59, 60, 18 S. Ct. 18, 42 L.Ed. 355.' See, also, Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L. Ed. 195; Bartell v. United States, 227 U.S. 427, 33 S.Ct. 383, 57 L.Ed. 583."

And in further discussing this question in Krentler-Arnold Hinge Last Co. v. Leman, 50 F.(2d) 699, at page 702, we said:

"In its affidavits the Krentler-Arnold Company set up a number of patents as anticipations of the Peterson patent, including therein patent No. 1,094,153, issued April 21, 1914, to W. A. Krentler, which it had previously set up as an anticipation of the Peterson patent in the original equity suit; it also set up a number of other patents not previously set up as anticipations in the original equity suit, and undertook to try anew the scope and validity of the claims of the Peterson patent. The District Court, however, had before it the record and proceedings in the original equity suit, including the decree in that suit. The proceedings in that suit disclosed that the scope and validity of the claims here in question were put in issue in the original equity suit and actually tried; and that they were held not to be anticipated, but valid as drawn. In other words, that they were not too broad in view of the prior art as presented and litigated in that case. The parties to that suit were the same as in the present proceedings, and, as the scope and validity of the Peterson claims here in issue were put in issue and actually tried and determined in that suit, the decree in that suit determining those issues is as evidence conclusive in these proceedings as to the scope and validity of the claims. Walter J. Rancourt v. Panco Rubber Co. [C.C. A.] 46 F.(2d) 625, decided February 11, 1931, and cases there cited.

"As the decree in the original suit, as between these parties, conclusively established the validity and scope of the Peterson claims, nothing remained for the District Court to determine but the question whether the new device (the sliding link) of the Krentler-Arnold Company read upon and infringed any of the claims of the Peterson patent, the scope and validity of which were determined in the original equity suit, and the infringement of which, by any substantial equivalent or colorable imitation thereof, was there enjoined."

■ As the scope and validity of the claims here relied upon were determined in the original equity suit, that determination is conclusive as between these parties and their scope and validity cannot be questioned by them in a subsequent suit between them for a different cause of action wheth-

er the later suit takes the form of a petition for a supplementary injunction or a supplemental bill.

The next question in this case relates to the nature of the power exercised by the District Court in entering the decree denying the plaintiffs' petition; and, if it was a discretionary one, whether, in view of the circumstances here presented, the court abused its discretion in denying the petition.

It is generally regarded as discretionary with the District Court whether it will hear the new infringement upon a petition for contempt or for a supplementary injunction on affidavits, or put the plaintiffs to a supplemental bill where an answer would be filed and testimony, subject to cross-examination, received. The action of the court in granting or denying such a petition depends largely upon whether the alleged new infringement presented a doubtful question where expert and other testimony, subject to cross-examination, would be helpful. If the latter appears to be the case, the court is justified in taking the course that the District Court did in this case. As was said by this court in National Metal Molding Co. v. Tubular Woven Fabric Co., 239 F. 907, at page 908:

"If the subsequently made structure had seemed to it [the court] to differ only colorably from that upon which the court had passed, it might have issued a supplementary injunction, or have proceeded under a petition in contempt; and these were the methods the plaintiff urged it to adopt. But the plaintiff could not require the adoption of either method as a matter of right; and if the court, in its discretion, regarded a supplemental bill or petition, to be answered by the defendant and heard on formal proofs, as the method best adapted to do justice under the circumstances of the case, it did nothing of which the plaintiff has a right to complain as error. No abuse of discretion is asserted, nor do we find any indication thereof in the record."

The question is, therefore, whether the District Court under the circumstances here presented abused its discretion in putting the plaintiffs to a supplemental bill. We do not think that the District Court abused its discretion. We are unable to say from the affidavits that the new method or machine clearly infringes the plaintiffs' claims and that the testimony of witnesses,

subject to cross-examination, would not be helpful in determining the question.

The production of curled wire under the method and machine of the plaintiffs' claims consisted in putting a metal strand under tension and, while under tension, passing it over a curling edge to impart to it an inherent tendency to form a helical coil when released from the tension; the release from tension being necessary to its taking the form of a helical coil. And the evidence shows that the helical coil thus formed by the release of the tension, consists of a succession of small curls, curling in one direction and then in the opposite direction. On the other hand, the evidence presented by the defendant's affidavits tends to show that the defendant's present practice does not involve the step of releasing the wire while under tension after being drawn over the curling edge to form the curl, but the step of winding the wire, while under tension, around a tapering triangular mandrel thereby setting the curl, which then possesses a continued uni-directional curl due to its having been tightly wrapped around the mandrel.

It is at least clear that the District Court did not abuse its discretion.

The decree of the District Court is affirmed, without costs to either party.