47 CCPA

**Application of Joseph P. RUTH.**

**Patent Appeal No. 6534.**

United States Court of Customs
and Patent Appeals.

June 1, 1960.

Herbert J. Jacobi, Washington, D. C.
(Samuel L. Davidson, Washington, D. C.,
of counsel), for appellant.

Clarence W. Moore, Washington, D. C.
(S. Wm. Cochran, Washington, D. C., of
counsel), for Commr. of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and WILLIAM H. KIRKPATRICK, Judge.[1]

SMITH, Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the examiner of claim 12 of appellant's application No. 593,783, filed June 25, 1956, for the reissue of patent No. 2,590,-578, granted March 25, 1952. Claim 12 was copied by appellant from the patent to Bruniche-Olsen No. 2,713,009, granted July 12, 1955, for purposes of an interference.

While the examiner and the board stated various reasons why claim 12 is not allowable in appellant's reissue application, we find it necessary to consider only the ground which was stated by the board as follows:

"We may note, however, that appellant's position (page 4 of the reply brief) that the process and apparatus claims are, in effect, merely different ways of stating the same invention is hardly tenable in view of his contention that the process of claim 12 can be carried out in such different apparatuses as those of B-Olsen and appellant. The fact that a process may be carried out in apparatus other than that illustrated in the B-Olsen patent would be an indication that the process and apparatus are distinct inventions. The allowance of such a process claim in this case would appear to be an enlargement of the scope of the claims of the original patent and therefore contrary to the last paragraph of Section 251 of 35 U.S.C., since this application was not filed within two years from the grant of the original patent."

Appellant's sixth reason of appeal to this court alleges error in the holding just quoted.

The paragraph of Section 251 cited by the board provides that:

"No reissued patent shall be granted enlarging the scope of the claims of the original patent unless applied for within two years from the grant of the original patent."

The appealed reissue application was filed more than four years after the grant of the original patent and accordingly claim 12 cannot be allowed if it enlarges the scope of the claims of that patent. A claim of a reissue enlarges the scope of the claims of the patent if it is broader than such claims in any respect, even though it may be narrower in other respects or, in other words, if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent. In re Bostwick, 102 F.2d 889, 26 CCPA 1122; Rancourt v. Panco Rubber Co., D.C., 5 F. Supp. 185; In re Rogoff, 261 F.2d 601, 46 CCPA 733, and cases there cited.

Appellant's patent discloses and claims an apparatus for extracting sugar from beets, comprising a rotating hollow cylinder immersed in a body of liquid contained in an open tank. Sliced sugar beets are fed into one end of the cylinder by a conveyor and pass through it and out at the other end where they are removed by another conveyor. During their passage through the cylinder the beets are agitated by spiral conveyor blades mounted on the interior wall of the cylinder, and the sugar in the beets is dissolved in the liquid from which it is later recovered by means not involved here. Liquid is fed by a pipe into the cylinder in a direction opposite to that in which the beets move. A vertical partition is located in the tank midway between the ends of the cylinder and is sealed against the outer cylinder wall, so that a higher level of liquid may be maintained in the tank adjacent the end of the cylinder where the beets leave it, thus producing a gravity head which assists

1. United States Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge* O'CONNELL, pursuant to provisions of Section 294(d), Title 28, United States Code.

the flow of liquid produced by the pipe. This flow is in a direction opposite to that in which the beets move.

The specification of the reissue application is identical with that of the patent.

All the claims of appellant's patent are drawn to apparatus. Appellant has not selected any particular claim of the patent for comparison with appealed claim 12, but in our opinion claim 1 most nearly approaches claim 12 in scope and we shall accordingly confine our discussion to that claim. If claim 12 is found to be broader than claim 1, then it is also broader than each of the other claims of the patent. Claims 1 and 12 are as follows:

"1. A diffusing apparatus, comprising a tank, means for simultaneously agitating and translating material with leaching effect within a liquid body confined by said tank, means including a partition transversely dividing the liquid body exteriorly of said first means for circulating the liquid body to cause generation therein of a flow current through said first means opposed to translatory travel of material therethrough, means for continuously feeding material to the initial end of its translatory path through the liquid body, means for continuously removing material from the liquid body at the terminal end of its translatory path, and means for selectively withdrawing liquid from the body adjacent the infeed of material thereto.

"12. A method for the continuous countercurrent lixiviation of disintegrated material comprising the steps of establishing and maintaining a body of the material in closely packed, but liquid pervious condition and in the geometrical shape of a solid of revolution, supplying fresh material at one end and removing treated material from the other end of the said body, rotating said body about its axis, conveying the material longitudinally through the body from the supply end to the dis-

charge end, passing a flow of lixiviating liquid under the influence of gravity in countercurrent to the travel of the material through a section of the body, said section having for a constant speed of rotation of the body a constant location relative to a vertical plane through the axis of rotation."

At the outset, it is clear that one cannot directly compare an apparatus claim with a process claim. However, since both types of claims are based on the same specification, we can determine what the common invention is and can then compare the claims on this basis.

It will be noted that claim 1 calls for a means for agitating the material as it moves through the tank, while claim 12 is not in any way limited to a process in which the material is agitated but, on the contrary, states that the material is maintained in a closely packed condition.

Claim 1 is also limited to an apparatus including a partition transversely dividing the liquid body exteriorly of the means which translates the material through the tank. Presumably, this partition has a function which we should expect to find in the corresponding process claim. However, the process of claim 12 is not limited either expressly or by implication to the use of a partition nor does it contain any process step related thereto. Claim 12 calls merely for passing a flow of liquid through the material under the influence of gravity, but that step does not require the use of a partition. It could be carried out, for example, by inclining the tank and the cylinder through which the material passes. In fact, such inclination is used to produce the gravity flow in the device of the Bruniche-Olsen patent, from which claim 12 was copied.

It will thus be seen that claim 12 may be infringed without either agitating the material or using a transverse partition, whereas claim 1 is not infringed unless both those features are present. Obviously, therefore, claim 12, if allowed, would bring within the scope of the reissued patent processes which

can be carried out in apparatus which would not have infringed the original patent. Claim 12, therefore, involves an enlargement of the scope of the claims of the original patent and since the reissue application was filed more than two years after the grant of that patent, the decision appealed from was proper. It is, therefore, unnecessary to consider the other grounds of rejection involved in this appeal.

The decision of the Board of Appeals is affirmed.

Affirmed.