**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Emanuel PANZAVECCHIA,**
**Defendant-Appellant.**

**No. 27322.**

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1970.

Leonard Moriber, Miami, Fla., (Court-appointed) for defendant-appellant.

William A. Meadows, Jr., U. S. Atty., William A. Daniel, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and JONES and CARSWELL, Circuit Judges.

CARSWELL, Circuit Judge:

As a mathematical axiom Euclid postulated some time ago that quantities equal to the same quantity are equal to each other. Here three counts of an indictment contain verbatim language and their fusion into one and the same thing renders them inseverable as identifiable entries of separate and distinct criminal charges.

As in the case of Van Liew v. United States, 5 Civ., 321 F.2d 664 (1963), we are thus presented with a situation in which the appellant has been tried under a faulty indictment and our decision on this question precludes the necessity of considering other issues raised by appellant which are not likely to arise in the event of re-indictment or retrial.

The appellant, Panzavecchia, was indicted in three counts charging violations of 18 U.S.C. § 472.[1] The three

---

1. Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered

counts of the indictment were identically worded, the only distinguishing characteristic being the consecutive numbers of the counts. The counts read:

"That on or about January 12, 1968, at Hollywood, in Broward County, in the Southern District of Florida, the defendant, John Emmanuel Panzavecchia with intent to defraud, did pass and utter a certain counterfeit $10.00 Federal Reserve Note (Series 1950 E) drawn on the Federal Reserve Bank of San Francisco, California, bearing Serial No. L 42853082 D, and which the defendant knew to be counterfeit, in violation of Title 18, United States Code, Section 472.

Appellant was subsequently arraigned and pled not guilty to each count of the indictment. Appellant thereafter filed a Motion to Quash the Indictment, a Motion to Produce and a Motion for Bill of Particulars. The Motion to Produce was granted and the Motion for Bill of Particulars was granted in part and denied in part. The Motion to Quash was denied after submission of written memoranda directed to the sufficiency of the indictment to charge three separate offenses.

The case was tried to a jury. The Government presented evidence of three separate utterings occurring at different places and different times of the same day. The jury returned verdicts of guilty as to Counts One and Two and not guilty as to Count Three of the indictment. The District Court entered a judgment of acquittal as to Count Three and subsequently denied defense motions for judgment of acquittal, new trial and arrest of judgment as to Counts One and Two.

■ In regard to the sufficiency of indictments the rule is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged. United States v.

Mills, 32 U.S. 138, 8 L.Ed. 636 (1833); Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Van Liew v. United States, *supra*, 321 F.2d at 668. The applicable criteria have been emphasized in Russell v. United States, *supra* at 763, 82 S.Ct. at 1047:

"In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are, first, whether the indictment 'contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet," ' and, secondly, ' "in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606.' Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861. See Potter v. United States, 155 U.S. 438, 455, 15 S.Ct. 144, 146, 39 L.Ed. 214; Bartell v. United States, 227 U.S. 427, 431, 33 S. Ct. 383, 384, 57 L.Ed. 583; Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314; United States v. Debrow, 346 U.S. 374, 377–378, 74 S.Ct. 113, 115–116, 98 L.Ed. 92."

In the present case the indictment as drawn contravenes the second of these criteria.

The Government here laments that the only possible way to avoid the present situation is to resort to the Grand Jury minutes to determine whether the evidence presented to the Grand Jury is the same evidence presented at trial. This

obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than

fifteen years, or both, June 25, 1948, c. 645, 62 Stat. 705.

argument evidences a misconception of the appellant's attack upon the indictment and the basis of our decision. The Government also argues that the granting of a Bill of Particulars cured any questions appellant might have. As stated in Van Liew v. United States, *supra,* 321 F.2d at 670, the Government has confused the defendant's constitutional right to know what *offense* is charged with his need to know the *evidentiary details* establishing the facts of such offense. As to the latter, the remedy lies in the Motion of Bill of Particulars, F.R.Crim.P. 7(f).

Unlike Van Liew v. United States, *supra,* we are not concerned with the *precise nature* of the violations alleged in each count under a statute charging a variety of unknown actions. Nor are we concerned with a situation involving a multiplicitous indictment wherein each of the counts in effect refers to only one offense, as was the situation in Calvaresi v. United States, 216 F.2d 891, 904 (10th Cir. 1954). We are simply confronted with the question of which count relates to which offense.

In the present indictment, any of the three counts standing by itself, if applied to any of the three singular instances of uttering sought to be proved by the Government, would be legally sufficient to charge a single violation of 18 U.S.C. § 472. It is only when a defendant stands charged with *two or more identical counts* that it becomes critical that each offense under 18 U.S.C. § 472 be distinguished, for the protection of the defendant, by avoiding any possible confusion as to the intentions of the Grand Jury.

■■ While a Bill of Particulars can solve evidentiary problems it cannot unlock the Grand Jury's mind and cure a defective indictment. See Van Liew v. United States, *supra* at 671–672. The present indictment fails to reveal which counts the Grand Jury intended to apply to which offenses. Consequently any future pleas of former acquittal or conviction are imperiled.

The technicality of our decision in this matter is obviously pointed up by the fact that a judgment of conviction or acquittal on *all* counts would have obviated the present dilemma.

The judgments of conviction on Counts One and Two of the indictment are reversed and the case remanded with instructions to dismiss the indictment. Nothing which we have said in this opinion will, however, preclude the issuance of a new indictment in proper form. 18 U.S.C. § 3289.

Reversed and remanded.