**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vardell McPHATTER, Defendant-Appellant.**

No. 72-2928
Summary Calendar*

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1973.

Seymour L. Honig, Tampa, Fla. (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Ronald H. Watson, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal from a conviction for uttering and publishing fraudulently signed United States Treasury checks with intent to defraud the United States in violation of 18 U.S.C. §§ 2 and 495 (1971). Appellant, Vardell McPhatter, raises numerous issues, principally concerning the indictment, denial of a continuance, introductory remarks by the prosecutor, and the validity of a search warrant. We affirm.

McPhatter worked in association with Patrick Michael Stone, a codefendant in the indictment who pled guilty. They procured at least four checks which the Navy Finance Center had prepared for the

Navy civilian payroll. Each check had a different payee. Stone testified that he forged the signature of each payee and, at McPhatter's direction, deposited the checks in bogus accounts at various banks in St. Petersburg, Florida, on November 16 and 17, 1971. An assistant cashier at one of the banks became suspicious and reported Stone to the Secret Service. She observed him leave the bank and get into an automobile with another man. Shortly thereafter on the same day Mc-Phatter and Stone were arrested in an automobile rented by McPhatter.

### 1. Indictment

The first issue on appeal concerns the adequacy of the indictment. The defendants were charged with five counts, the first being a conspiracy count and the other four being substantive counts relating to each of four different checks. The conspiracy count alleged certain specific acts perpetrated by McPhatter and Stone. Then the four substantive counts typically provided:

### COUNT TWO

On or about November 16, 1971, at Saint Petersburg, Florida, in the Middle District of Florida,

PATRICK MICHAEL STONE and VARDELL McPHATTER

did unlawfully and wilfully utter and publish at the First National Bank, 400 Central Avenue, Saint Petersburg, Florida, as true the falsely forged name of the true payee, to-wit, Ima L. Green, on the back of the United States Treasury Check No. 43,035,202, dated October 22, 1971, payable to Ima L. Green, in the amount of $267.75, with intent on the part of said defendants to defraud the United States, and that they then and there well knew the endorsements on said check to be falsely made and forged; in violation of Sections 2 and 495, Title 18, United States Code.

Since the conspiracy count was dismissed, the appellant argues that "there is not even the barest allegation of the defend-

ant McPhatter's involvement in the charges made against him in Counts Two thru [sic] Five of the indictment."

■ Rule 7(c) of the Federal Rules of Criminal Procedure provides that "the indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." As Professor Charles Alan Wright explained in his treatise, 1 Federal Practice and Procedure § 125, p. 233 (1969), "the fundamental purpose of the pleading is to inform the defendant of the charge so that he may prepare his defense." That purpose was accomplished under the circumstances here in that each count tracks the language of the statute and advises McPhatter that on a specified date he (either himself or impliedly through his associate) published at a named bank the forged checks.[1] See James v. United States, 5 Cir., 1969, 416 F.2d 467, 472, cert. denied, 397 U.S. 907, 90 S.Ct. 902, 25 L.Ed.2d 87 (1970). The indictment need not delineate the exact role of each defendant. See United States v. Duke, 4 Cir., 1969, 409 F.2d 669, 671, cert. denied, 397 U.S. 1062, 90 S.Ct. 1497, 25 L.Ed.2d 683 (1970).

### 2. Continuance

■ On the day of the trial the defendant moved for a continuance due to inability to serve subpoenas on two witnesses, and the motion was denied by the District Judge. Such a ruling should be reversed only when there is an abuse of the District Judge's discretion. Isaacs v. United States, 159 U.S. 487, 489, 16 S.Ct. 51, 52, 40 L.Ed. 229 (1895); Ray v. United States, 5 Cir., 1965, 352 F.2d 521.

■ The witnesses allegedly would have testified that the defendant was not in St. Petersburg on November 4, 1971, the date that Count 1 charged that Mc-Phatter opened bank accounts under a false name. Since Count 1 was dismissed and since it was irrelevant for purposes of Counts 2 through 5 who opened the accounts, we find no prejudice to the de-

---

1. Unlike United States v. Panzavecchia, 5 Cir., 1970, 421 F.2d 440, 442, where the indictment did not identify which count related to which offense, in the present case each count identified a different check.

fendant. Accordingly, the District Judge acted well within his discretion.

*3. Remarks by the Prosecutor*

The appellant complains about two comments by the prosecutor during his opening statement: first, an expression of intent to show that the checks were stolen from the Navy; and second, a promise that the Government would introduce the payees who would deny signing the checks.

■ We do not believe that the jury was misled by the comment about theft. Even though the Government did not prove that the checks were stolen by McPhatter, there was sufficient evidence to infer that the checks were stolen by someone.

■ With regard to the second statement, the Government did not introduce all four payees. Instead, three of the payees testified that their signatures were not on the checks. Despite the absence of the fourth witness, the Government did show that the check was falsely signed because Stone testified that he forged the signature.

Thus the Government technically made a misstatement in the opening remarks, but this is not reversible error since the Government appears to have acted in good faith. Furthermore, the Government proved the substance of what it promised to do, so the defendant was not unfairly prejudiced. *See* Gladden v. Frazier, 9 Cir., 1968, 388 F.2d 777, 779.

*4. Search*

The day after the arrest the United States Magistrate in Tampa, Florida, issued a search warrant to search McPhatter's rented car. The products of the search include such items as bank envelopes, deposit slips, and receipts. The question is whether they were obtained through a valid warrant.

■ Under the Fourth Amendment to the Constitution, no search warrant may issue "but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Here the warrant issued after a Special Agent of the United States Secret Service filed a sworn affidavit with the United States Magistrate. Appellant contends that two paragraphs of the affidavit must be ignored because they relate to facts concerning the dismissed conspiracy count. Without passing on the merit of this argument, we find more than enough facts to support probable cause in the remaining paragraphs set out in the margin.[2]

Affirmed.

2. The other paragraphs in the affidavit include paragraphs A, D, E, F, and G.:

A. Patrick Michael Stone and Vardell McPhatter were arrest on November 17, 1971 by complainant at 9th Ave. and Union St., S., St. Petersburg, Florida, on a charge of uttering stolen United States Treasury checks in violation of Sections 2 and 495, Title 18, United States Code. At the time of arrest, both named individuals were in possession of a 1971 Bronze Plymouth with a brown print vinyl top bearing Florida 71–72 Florida license 2E448, bearing Hertz decal #66543, VIN PM43K1F227400.

. . . . .

D. On November 16, 1971, Patrick Michael Stone deposited in said account at the First National Bank of St. Petersburg, Florida, 2 stolen United States Treasury checks which had been taken from the office of Naval Disbursing in Washington, D. C.

E. Patrick Michael Stone was positively identified as depositing 2 additional stolen checks in the above described account opened by Vardell McPhatter at the Florida National Bank, 7th and Central Avenues, St. Petersburg, Florida; Lyda Wiethorn, Teller, said bank, selected his photograph from a spread of photographs.

F. Following arrest by Complainant, Vardell McPhatter advised complainant that 2 additional stolen United States Treasury checks were concealed in the above described 1971 bronze Plymouth automobile in a coat pocket which is hanging in the car.

G. Patrick Michael Stone in a signed sworn statement given to complainant advised that a suitcase in the car contained deposit slips and envelopes used in check cashing activities of the above described United States Treasury checks which had been stolen from the Office of Naval Disbursing, Washington, D. C.