**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bill Charles GRAY,**
**Defendant-Appellant.**

**No. 83–7533**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 23, 1984.

Claude Boone, Mobile, Ala., for defendant-appellant.

E.T. Rolison, Jr., Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

Bill Charles Gray was charged with violations of 18 U.S.C. § 2114 and 18 U.S.C. § 2 and tried and convicted in the United States District Court for the Southern District of Alabama. Gray and an accomplice, Charles Ray Brown, assaulted a United States postal service truck driver and robbed his truck. On appeal, Gray argues that two trial errors require that we reverse his conviction and grant him a new trial. Finding no reversible error, we affirm.

I

Gray was tried three times. The first trial began on June 7, 1983; it ended on June 8, 1983, when the trial judge granted Gray's motion for a mistrial on the grounds that the jury had not been properly qualified. The second trial, which began on June 20, 1983, also ended in a mistrial because the jury was unable to reach a unanimous verdict. The trial judge who presided over the first two trials, W. Brevard Hand, recused himself from any retrial of Gray. The third and final trial began on August 15, 1983, before district judge Emmett R. Cox.

Gray's first allegation of error arises from comments made by the prosecutor during his opening statement at the third trial. The prosecutor told the jury that the evidence in the case would show that Gray's motive to rob the postal truck

was that he was behind on payments to his probation officer in Atlanta. Gray's lawyer objected, contending that this was inadmissible evidence of other crimes, wrongs or acts to prove the character of Gray in order to show that he acted in conformity therewith under Rule 404 of the Federal Rules of Evidence. Both the prosecutor and the defense attorney approached the bench, and the prosecutor explained that he had included the reference to Gray's probation officer in his opening statement because Judge Hand had allowed the probation officer to testify at the second trial. Thus, the prosecutor assumed that the evidence would be admissible under Rule 404 to show motive. The trial judge instructed the prosecutor not to mention Gray's probation officer again during his opening statement and indicated that he would rule on the admissibility of that evidence during the trial. Later, when the prosecutor attempted to introduce evidence from the probation officer, the trial judge excluded the evidence. Gray contends that the prosecutor's opening remarks were thus prejudicial, without basis in fact, and constitute reversible error.

This case is remarkably similar to *United States v. Capo*, 595 F.2d 1086 (5th Cir. 1979), *cert. denied*, 444 U.S. 1012, 100 S.Ct. 660, 62 L.Ed.2d 641 (1980). In *Capo*, the defendant challenged statements made by the prosecutor during his opening statement concerning Capo's prior marijuana offenses in Louisiana. The court stated:

The prosecutor gave notice before trial that he intended to introduce evidence of this criminal behavior to show motive, plan, intent, and identity, as permitted by Fed.Rules of Evidence 404(b). Prior to trial, defendants filed a motion in limine to exclude this evidence. Thereafter, the trial judge's law clerk verbally informed both parties that all pretrial motions were denied. Thus, the prosecutor made his argument with the good faith belief that the evidence was admissible. No reversible error was committed. The allegations as to the other statements made at trial by the prosecutor are equally without merit.

*Id.* at 1094 n. 8. The situation in this case is identical, except that the prosecutor assumed that the evidence would be admissible not because he was so informed by the judge's law clerk but because it had been admissible at the previous trial. Under *Capo*, the statement of the prosecutor, made in good faith, does not constitute grounds for reversible error.

Under Rule 404, the trial judge must employ a two-step test in determining the admissibility of the extrinsic offense evidence.

First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

*United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). The resolution of these questions lies within the sound discretion of the trial judge, and the decision to admit extrinsic evidence can be disturbed only for an abuse of discretion. *United States v. Benton*, 637 F.2d 1052, 1056 (5th Cir. Unit B 1981). In this case, the trial judge concluded that the "evidence that he needed the money is relevant and the evidence that he was on probation is irrelevant ... in this case, the prejudice outweighs the relevance on the state of this record." Trial Record 233–34.

The trial judge thus was put to the task of balancing the value of the evidence to the government to prove motive against the prejudice that might result from the necessary implication that Gray had a prior conviction. Judge Cox, acting within the scope of his discretion, decided to exclude the evidence. As we have noted, Judge Hand reached the opposite conclusion—that the materiality outweighed the possible prejudice. Of course, we are not required to pass on the latter-mentioned ruling, but we are not prepared to say that it could be found an improper exercise of that

discretion. What actually happened at the final trial may well have been that the judge, sensitive to prejudice, gave Gray more protection than was required.

## II

■ Gray next contends that the trial judge committed reversible error by limiting Gray's cross-examination of Brown. Brown, who committed the robbery with Gray, was the government's key witness. Brown testified that Gray threatened him in a conversation at a mutual friend's apartment. Gray's attorney asked Brown on cross-examination if the mutual friend was Brown's girlfriend and inquired into his relationship with the woman. The district court refused to allow Gray's attorney to continue with this line of questioning. Gray contends that the evidence was relevant because Brown had testified in a previous trial that the robbery had destroyed Brown's marriage. On cross-examination, Brown admitted that the extramarital affair had destroyed his marriage. Gray's counsel argued before the trial court that he expected to be able to show that Brown was very close to his girlfriend and that the day the threat allegedly was made, Brown spent a considerable amount of time with Gray. The attorney argued that this would show that Gray never threatened Brown.

As this court recently noted in *United States v. Kopituk*, 690 F.2d 1289, 1336–37 (11th Cir.1982), a defendant's right to cross-examine witnesses against him is not absolute. "The information sought to be elicited must be relevant.... Once cross-examination has been permitted to an extent sufficient to satisfy the defendant's sixth amendment rights, the trial judge's discretionary authority comes into play." *Id.* (citations omitted). In this case, whether or not Brown threatened Gray was clearly collateral to the issue of whether Gray was innocent or guilty. The record shows that the trial judge allowed Gray's attorney ample opportunity to cross-examine Brown. Thus, it is clear that it was well within the judge's discretion not to permit Gray's at-

torney to question Brown about Brown's relationship with his girlfriend.

AFFIRMED.