**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Zachariah TOLMAN,
Defendant-Appellant.**

**No. 86–2909.**

United States Court of Appeals,
Tenth Circuit.

Aug. 20, 1987.

---

R. Michael Holmes (James E. Nesland, with him on the brief), of Ireland, Stapleton, Pryor & Pascoe, P.C., Denver, Colo., for defendant-appellant.

James K. Bredar, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Before McKAY, TACHA, and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

Defendant was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 (1982), manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1) (1982), and unlawful possession of phenyl–2–propanone (P2P), an essential ingredient in the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (1982). On this appeal, defendant contends that: (1) the evidence against him was insufficient as a matter of law to support his conviction; and (2) the trial court erred in denying his motion for a mistrial based on the government's prejudicial reference in its opening remarks to certain fingerprint evidence that was later determined to be inadmissible.

I.

In passing upon the sufficiency of the evidence against defendant, we must view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the Government. We must desist from weighing conflicting evidence or evaluating the credibility of witnesses. See United States v. Lopez, 576 F.2d 840, 843 (10th Cir.1978) (citations omitted). The evidence against the defendant included the following:

(1) Between April 5 and May 27, 1986, defendant purchased a large quantity of chemicals and laboratory equipment necessary to the manufacture of methamphetamine.

(2) The defendant was seen leaving the residence of his codefendant, Hubert Steed,

on the same day on which Mr. Steed purchased a highly specialized filter used in manufacturing methamphetamine from an undercover agent.

(3) When a search warrant was executed on June 23, 1986, an operational methamphetamine laboratory was found in the basement of the Steed residence. Defendant was found lying on a bed approximately six to eight feet from the laboratory. He was wearing a T-shirt emblazoned with "P2P Ricky." P2P was found in a pyrex dish. Upon being searched, methamphetamine was found in a plastic bag in his pocket.

(4) James Betthauser, who was also at the Steed house that day, testified that the defendant complained about how long the methamphetamine manufacturing operation was taking. Mr. Betthauser also testified that defendant provided both him and Mr. Steed with test doses of freshly produced methamphetamine in syringes with needles in order to evaluate its effectiveness.

█ We hold that the evidence admitted against defendant was more than sufficient circumstantial evidence to support the jury's finding of guilt beyond a reasonable doubt of the crimes charged.

## II.

During his opening remarks, the prosecutor informed the jury that defendant's fingerprints were confirmed on laboratory glassware found at the Steed residence. The criminalistics technician who later testified was unexpectedly unable to identify from which pieces of glassware he had lifted the prints. Thus, no fingerprint evidence was admissible. Defendant moved for a mistrial based on the prejudicial effect of the prosecutor's reference in his opening statement to this unproduced evidence, which motion was denied. During closing argument, defense counsel vigorously argued that the jury should acquit because of the prosecutor's failure to deliver the promised fingerprint evidence.

Defendant appeals the trial court's denial of his mistrial motion. "Where a statement by the Government in opening argument is not substantiated at trial because of a subsequent ruling by the trial judge, both the good faith on the part of the prosecution and the impact of the statements in the context of the particular trial must be assessed." *United States v. Akin*, 562 F.2d 459, 466 (7th Cir.1977), *cert. denied*, 435 U.S. 933, 98 S.Ct. 1509, 55 L.Ed.2d 531 (1978); *see also United States v. Gray*, 730 F.2d 733, 735 (11th Cir.1984); *Grimaldi v. United States*, 606 F.2d 332, 339–40 (1st Cir.), *cert. denied*, 444 U.S. 971, 100 S.Ct. 465, 62 L.Ed.2d 386 (1979); *United States v. McPhatter*, 473 F.2d 1356, 1359 (5th Cir.), *cert. denied*, 414 U.S. 834, 94 S.Ct. 175, 38 L.Ed.2d 69 (1973).

Defendant concedes that the government's statement in opening remarks that it would submit fingerprint evidence was made in good faith in the reasonable belief that it would be produced. The failure of the criminalistics technician to identify the pieces of glassware as the ones imprinted with defendant's fingerprints was not anticipated by the Government. Nevertheless, defendant argues that, because fingerprint evidence has a highly probative value in the minds of jurors, the impact of the statements was devastating and that the trial court abused its discretion in denying the motion for a mistrial. Defendant essentially argues that the initial expectation created in the jury's mind that such compelling evidence would be introduced irreparably tainted its perception of the other evidence admitted against the defendant in the course of the trial by infusing the admitted evidence with more probity than it deserved.

█ We are not convinced that the impact of the opening remarks so prejudiced defendant that the trial court abused its discretion in denying the mistrial motion. The court instructed the jury that opening remarks are not to be considered as evidence. In addition, defense counsel vociferously focused in closing argument on the prosecutor's failure to produce the fingerprint evidence. *See* record, supp. vol. 3, at 49, 50, 52–53, 62. Finally, even the prosecutor in his closing argument mitigated the effect of his error:

> Now, ladies and gentlemen, the government did not present every single

piece of evidence that it said it would at the start of this trial. At the beginning of the case we said that in addition to all of the other evidence implicating Mr. Tolman we would present fingerprint evidence implicating Mr. Tolman. Ladies and gentlemen, that did not happen.

The government did not present fingerprint evidence. No fingerprint evidence was admitted so, ladies and gentlemen, what's a jury to do. The jury's role is to look at the evidence that is admitted and make the best decision that it can based on the evidence that came in.

*Id.* at 35. The Government did not attempt to capitalize on any innuendo regarding the actual presence of such fingerprint evidence and the "technicality" that prevented the jury from considering it. We thus hold that the trial court's denial of defendant's motion for a mistrial did not constitute an abuse of discretion. *See Mares v. United States,* 409 F.2d 1083 (10th Cir.1968), *cert. denied,* 394 U.S. 963, 89 S.Ct. 1314, 22 L.Ed.2d 564 (1969) (applying an abuse of discretion standard in such a case).

AFFIRMED.